THE PEOPLE v. PETER DeFORE.

*Criminal law—Assignments of error on refusals to charge—Seduction defined—Duty of court in charging jury—Presumption of innocence.*

1. An assignment which in terms assigns error upon the refusal to give each and every one of defendant's requests to charge applies to each request separately, and sufficiently points out the errors relied on.

2. The second assignment of error (see opinion, p. 698) is too general, and cannot be considered.

3. Where in a criminal prosecution for seduction the testimony showed no other inducement or motive than a promise of marriage, except it might be the mutual desire of the parties, to which the court directed the attention of the jury, charging them that if that was the motive respondent was not guilty, a request for an instruction that, if the jury find from the evidence any inducement or motive which led the prosecutrix to submit to the embraces of respondent other than the promise of marriage, they should find him not guilty, is properly refused.

4. The offense of seduction, punishable under How. Stat. § 9283, is committed if the man has carnal intercourse to which the woman assents, if such assent is obtained by a promise of mar-

64 693
70 432
64 693
93 338
64 693
s31NW 585
s8ASR 863n
132 ⁴ 60
132 ⁵ 62
64 693
144 ⁴538

riage made by the man at the time, and to which, without such promise, she would not have assented. *People v. Millspaugh,* 11 Mich. 278, 282, 283.

The offense consists in enticing the woman from the path of virtue, and obtaining her consent to the illicit intercourse by promises made at the time; and the evidence to convict should be such as to satisfy the jury beyond a reasonable doubt upon these points. The promise and yielding her virtue in consequence thereof is the *gist* of the offense, and if the woman resists, but finally assents or yields, induced thereto in reliance upon the promise, the offense is committed.[1]

5. An act of intercourse induced simply by the mutual desire of the parties to gratify a lustful passion does not constitute the crime of seduction.

6. The crime of rape is not embraced in that of seduction, and instructions upon the law relative to the former crime would be improper on a trial for the latter offense.

7. In a trial for seduction the judge should instruct the jury that, if the prosecutrix did not *assent* to the act of intercourse, the offense was not committed.

8. In his charge to the jury on a trial for the crime of seduction, the judge called their attention to the fact that the people rested their testimony upon that of the complaining witness, which stood before them uncontradicted by any other witness in the case, and that the fact that the parties had sexual intercourse on the day, and at the place named, was not disputed, and the jury might take that fact as established in examining the case.

*Held,* that this was erroneous, the *weight* of the evidence, and the *credit* to be given to the testimony of the complaining witness, being questions exclusively for the jury, who were to weigh the legal presumption of the respondent's innocence, until rebutted and overcome by evidence, against such testimony, and ascertain what the facts were.

9. It is the duty of the trial judge, in a criminal case, to instruct the jury in reference to the presumptions of law applicable thereto, distinguishing those which are conclusive from those which are disputable.

10. The presumption of innocence is present in every criminal case, and the jury should be so instructed, and that such presumption stands good until overcome by evidence which convinces the jury beyond a reasonable doubt that the respondent is guilty.

Error to Antrim. (Ramsdell, J.) Argued January 27, 1887. Decided February 3, 1887.

---

[1] See *People v. Gibbs,* 38 N. W. Rep. 257.

Information for seduction. Respondent convicted, and brings error. Reversed, and new trial ordered. The facts are stated in the opinion.

*Cruickshank & Grier,* for respondent.

*Moses Taggart,* Attorney General, for the People.

CHAMPLIN, J. Respondent was convicted of the crime of seduction. But one act was charged or claimed to have been committed, and that the prosecutrix swore was under a promise of marriage. No attempt was made to show that she was not a woman of previous chaste character. On her direct and cross-examination she testified to the use of considerable force by respondent before he accomplished his purpose, and said she would not have consented if she could have prevented it. Her testimony given on cross-examination before the justice, signed by her, was produced and identified by her, and was introduced and read to the jury, as follows:

"I did not consent to his doing that to me, and would not, only he held me so tight I could not help it. I would not have said anything about this matter, or made Peter any trouble, only I found I was in a family way. If it had not been for that, I would have let him gone where he liked."

The counsel for defendant requested the circuit judge, in writing, to charge and instruct the jury as follows:

"1. If the jury find from the evidence that there was any other inducement or motive which induced or led the prosecutrix to submit herself to the defendant, except the promise of marriage, then the jury cannot convict the defendant of seduction.

"2. To convict the defendant of seduction, the jury must find two facts, viz.: (1) That the prosecutrix consented to the ac, of copulation with the defendant freely and willingly; (2) that she was induced to thus consent by reason of a promise of marriage made by defendant prior to the act of connection.

"3. If you find from the evidence that she submitted to the act of connection unwillingly, or through force or fear

of defendant, the jury cannot convict the defendant of seduction.

"4. If the jury find from the evidence, that the prosecutrix submitted herself to the defendant partly because of a promise of marriage, and partly through force or fear of defendant, then the jury cannot convict the defendant of seduction.

"5. The jury must find from the evidence, before they can convict the defendant of seduction, that there was a promise of marriage between the defendant and prosecutrix, made prior to the act of connection, and that said promise was understood and relied upon by her, and that she yielded to the act with defendant because of said promise, and did so freely and with full consent.

"6. If the jury find from the evidence that the prosecutrix would not have submitted herself to have connection with defendant on the sixteenth day of November, 1884, without the force used by defendant, as testified to by her, then the jury cannot convict the defendant of seduction.

"7. If the jury find from the evidence that the act was done against the will and wishes of the prosecutrix, then the jury cannot convict.

"8. In order to convict the defendant of seduction, the jury must find from the evidence a promise of marriage made by the defendant to the prosecutrix, and in consideration of such promise she freely and willingly consented to have connection.

"9. If the prosecutrix was compelled by force or fear of defendant, in whole or in part, to submit to the act of connection, then the act would not be seduction, and the jury cannot convict."

The circuit judge declined to so instruct the jury, and on his own motion charged and instructed them as follows:

"*Gentlemen of the Jury:* This action is brought by the people against the defendant under the provisions of the statute which provides for the punishment of any man who shall seduce or debauch an unmarried woman. In this case the defendant is charged with having seduced and debauched the complaining witness, Nettie Josephack, on the sixteenth day of November, 1884, in the township of Jordan, in this county. The testimony on which the people rest is the testimony of the complaining witness. Her testimony stands before you uncontradicted by any other witness in the case. You therefore have no conflict of testimony to reconcile,

except it be conflicting statements of the complaining witness. The fact that the complaining witness and the defendant had sexual intercourse on that day, in that township, is not disputed; and you may take that fact as established in examining this case. The question for you to determine, then, is, what were the inducements that led to this sexual intercourse? They may be, or they may have been, occasioned in three ways:

"1. It may have been from the mutual desire of the parties, without undue influence of either, to gratify their passions. In that case, if you should find such was the case, then your verdict will be, 'Not guilty.'

"2. It may have been by the seductive influence of the defendant. But the complaining witness has testified to no acts in that line except the promise of marriage. Therefore, in order to convict this defendant of the offense here charged, under the testimony before you, you will have to find that the inducement which led to her submitting her person to the carnal intercourse of the defendant was the fact that he, for that reason, promised to marry her. If you find that that was the reason of her submitting to his embrace, then your verdict will be, 'Guilty.'

"3. If you should find from the testimony in the case that she gave no consent whatever; that the intercourse was obtained by force and compulsion,—such an obtaining of carnal intercourse with a woman is rape, and it is a higher crime than the one you are brought here to consider. It would be against public policy to allow a prosecuting officer to bring a charge of seduction where the crime was rape, because, if the law allowed him to do so, he might allow parties to escape with a light punishment where State's prison for a long term of years was the punishment that should be meted out for that offense.

"The crime of rape consists of, or is defined by Bouvier to be: 'A carnal knowledge of a woman by a man, forcibly and unlawfully, against her will.' Therefore, to find that this man committed a rape on this woman, you will have to find that he committed that 'forcibly and unlawfully, and against her will.' If she consented to the connection, it was not rape.

"Therefore, gentlemen, I think that you will, in this case, have but two matters to consider. I think you may dispense with any theory that this defendant committed the higher crime of rape under the testimony in the case, and you will be left simply to determine whether it was by the mutual

consent of the parties, resulting from long acquaintance, and the very intimate relation that existed between them, upon a contract of marriage before entered into, or whether it was upon a promise at that time of a future marriage on condition that she would submit to his embraces. If you find the former, he is not guilty; if you find the latter, your verdict will be, ' Guilty.' "

The errors assigned upon this record are the following:

" 1. The court erred in refusing to grant the requests submitted by defendant's counsel, and in refusing to instruct the jury as stated in said several requests; that the refusal of each and every one of said defendant's requests was error.

" 2. The charge of the court, on his own motion, as a whole, was error.

" 3. The court erred in that part and portion of his charge where he charges the jury in relation to the crime of rape, because the same is contrary to law, and in this case misleading to the jury, and contrary to the evidence.

" 4. The court erred in taking from the jury in his charge the consideration of the question of rape.

" 5. The court erred in his charge wherein he instructs the jury as follows: ' I think you may dispense with any theory that this defendant committed the higher crime of rape.'

" 6. The court erred in submitting the case to the consideration of the jury under the testimony in the case, as the evidence is not sufficient to support the verdict."

It is claimed that the assignment of error based upon the refusal to give the nine requests to charge is too general to be considered, and particularly as some of such requests were given and others were improper. The object of assignments of error is to point out specifically what is relied upon as error. This is accomplished by the first assignment, which in terms assigns error upon the refusal to give each and every one of defendant's requests. This applies to each request separately, and no good reason is perceived for repeating each request in the assignments, which would only tend to prolong the record without lending any perspicuity to the errors assigned. The second assignment of error is too general, and cannot be considered.

The first request to charge was properly refused in the form in which it was asked. The testimony showed no other inducement or motive than a promise of marriage, except it might be the mutual desire of the parties; and this the court called the jury's attention to, and told them, if they found that the act was done by the mutual consent of the parties to gratify their passions, the respondent was not guilty. The second request was covered substantially by the charge as given, as was also the eighth.

The third and sixth requests were properly refused. The respondent was on trial for the offense created by the statute of seducing and debauching an unmarried female. Under this statute, the offense is committed if the man has carnal intercourse to which the woman assented, if such assent was obtained by a promise of marriage made by the man at the time, and to which, without such promise, she would not have yielded. *People v. Millspaugh,* 11 Mich. 278, 282, 283. The offense consists in enticing the woman from the path of virtue, and obtaining her consent to the illicit intercourse by promises made at the time. The evidence should be such as to satisfy the jury beyond a reasonable doubt upon these points. The promise and yielding her virtue in consequence thereof is the gist of the offense. If she resists, but finally assents or yields, induced thereto or in reliance upon the promise made, the offense is committed. *Boyce v. People,* 55 N. Y. 644.

An act of intercourse induced simply by mutual desire of the parties to gratify a lustful passion would not constitute the crime charged in the information. The charge of seduction and debauchery implies that a pure woman will resist, and that the natural sentiment of virtue and of purity will be overcome by promise of marriage and other means, and submission to his desires finally obtained through such inducements. And it has been held that, when the female submitted through a promise of marriage conditioned upon

the act resulting in pregnancy, the crime was committed. *People v. Hustis*, 32 Hun, 58; *Kenyon v. People*, 26 N. Y. ·203. The requests last referred to leave out of consideration the concurrent influence of the promise of marriage as a pro- ·ducing cause of yielding assent, or, to use the language of the ·request, in submitting to the act.

The fourth and ninth requests were properly refused. The ·crime of rape is not embraced in that of seduction; and it would be improper for the judge, upon a trial for seduction, ·to instruct the jury upon the law relative to the crime of ·rape. *Reynolds v. People*, 41 How. Pr. 179.

The judge, however, should charge that, if the jury should ·find that she did not assent to the act of intercourse, the offense was not committed. The respondent was entitled to ·have his seventh request given. This request is not covered by the charge of the court, which was finally reduced to two ·propositions; namely, whether the act was done by the mutual consent of the parties, or whether it was upon a promise at that time of a future marriage on condition that ·she would submit to his embraces. He withdrew from the jury whether she gave no consent whatever, and the inter- course was obtained by force and compulsion. For this error assigned, the conviction must be set aside, and a new trial ·ordered.

It may be well, as there must be a retrial, to point out one ·or two errors in the charge not specifically assigned as error.

The attention of the jury was called to the fact that the people rested their testimony upon the testimony of the com- ·plaining witness, and that her testimony stood before them ·uncontradicted by any other witness in the case. He also told the jury that the fact that the complaining witness and ·the defendant had sexual intercourse on that day, in that ·township, was not disputed; and the jury might take that ·fact as established in examining the case. This was erroneous. ·The weight of the evidence, and the credit to be given to

the testimony of the complaining witness, was a question exclusively for the jury, and it was error for the court to charge the jury that they should consider any facts testified to by her as established simply because she had testified to them, and had not been contradicted. These facts which he directed the jury to regard as established were a part of the *res gestæ*. The law presumed the respondent innocent of the crime charged until such presumption was rebutted and overcome by evidence; and the jury must weigh this presumption against her testimony, and ascertain what the facts are. Her testimony may have been of such a character or so contradictory as not to obtain any credit with the jury. Indeed, the judge told the jury that they had no conflict of testimony to reconcile except it was the conflicting statements of the complaining witness.

Another error in the charge appears. It is the duty of the trial judge, in a criminal case, to instruct the jury in reference to the presumptions of law applicable to the case before them, distinguishing those which are conclusive from those which are disputable. The presumption of innocence is present in every criminal case; and he should instruct the jury to that effect, and that it stands good until overcome by evidence which convinces the jury beyond a reasonable doubt that the respondent is guilty. The charge of the court entirely overlooks this presumption, and nothing was said upon the subject.

Let an order be entered reversing the judgment, and granting respondent a new trial.

The other Justices concurred.