78 494
98 669

## THE STATE v. MOORE.

1. **Seduction:** INDICTMENT: LIMITATION: EVIDENCE AS TO TIME. An indictment for seduction must be returned within eighteen months after the commission of the crime (Code, sec. 4166), but the time during which the defendant is not publicly and usually resident within the state is not counted. (Code, sec. 4169.) In this case the indictment was returned November 17, 1888, and it charged the commission of the offense on or about February 1, 1886, and alleged that defendant was out of the state for two years next

following the commission of the offense. The state was per-
mitted to prove the commission of the offense on or about July 25,
1885, to which defendant objected on the ground of surprise.
*Held* that the objection was not well taken, since he admitted his
absence from the state, and, the date last named being within the
statutory period, after counting out the two years, it was compe-
tent to prove the commission of the offense on that day, though it
was alleged in the indictment to have been of a later date. (See
cases cited in opinion.)

2. ———: OF FALLEN WOMAN AFTER REFORMATION: EVIDENCE. A
fallen woman may reform so that her seduction after the reforma-
tion may constitute the crime punishable by statute. (See *State
v. Carron*, 18 Iowa, 372.) And in this case, where there was
abundant evidence (see opinion) that the accused had seduced
the prosecutrix more than a year before the act of seduction herein
charged, but that she was otherwise chaste, and that her relations
with defendant had been absolutely broken off, and that she had
lived in the meantime a blameless life, and that afterwards defend-
ant again accomplished her fall by a solemn promise of marriage,
which he failed to redeem, *held* that a verdict of guilty was prop-
erly returned.

*Appeal from Winneshiek District Court.*—Hon. L. E.
Fellows, Judge.

Filed, October 16, 1889.

The defendant was convicted of the crime of seduc-
ing one Sarah J. French, an unmarried female of pre-
viously chaste character, and he appeals.

*L. Bullis*, for appellant.

*J. B. Kaye*, County Attorney, and *John Y. Stone*,
Attorney General, for the State.

Rothrock, J.—I.   It was alleged in the indictment
that the crime was committed on or about February 1

1. SEDUCTION:
indictment:
limitation:
evidence as
to time.

in the year 1886, and the minutes of the
evidence of the witnesses before the grand
jury show that the defendant and the com-
plaining witness first had sexual intercourse
in March, 1884, and that the same continued, with an
interval of about one year, until some time in the spring
of 1886.   In February of that year the complainant

became pregnant, and was delivered of a bastard child, which was born October 30, 1886. In the introduction of the evidence the state sought to charge the defendant with the commission of the criminal act on or about the twenty-fifth day of July, 1885. The defendant objected to this on the ground that he was taken by surprise thereby. It has frequently been determined by this court that it is sufficient if the offense be shown to have been committed at any time within the period of the statute of limitations. *State v. Bell*, 49 Iowa, 440; *State v. Kirkpatrick*, 63 Iowa, 554; *State v. Briggs*, 68 Iowa, 416; *State v. Wambold*, 72 Iowa, 468.

The indictment was found and presented on the seventeenth day of November, 1888, and as that was more than eighteen months after the crime was committed, even as alleged in the indictment, it was averred therein that for two years after the commission of the offense the defendant was not usually and publicly resident within this state. By section 4166 of the Code an indictment for seduction must be found within eighteen months after the commission of the crime. But it is provided in Code, section 4169, that "no period during which the party charged was not usually and publicly resident within the state is a part of the limitation." So far as the claim of surprise is founded on the allegation of the indictment that defendant was not for two years usually and publicly resident within this state, we have to say that there is nothing in the record touching the proof of the defendant's residence, which, in the remotest degree, tends to show surprise. The defendant admitted, in his testimony, that he was absent from his home and neighborhood, and for part of such absence he was out of the state; and there is really no conflict in the evidence as to the duration of such absence. But, even if there were such conflict, the rule of the cases cited above, and other cases, is that the time named in the indictment is immaterial.

II. The evidence shows that the defendant visited the prosecuting witness in the capacity of a suitor. He accompanied her to dances, and visited her at the place

of her residence, and, as the phrase goes, "kept company with her." Some time after he commenced visiting her he had sexual intercourse with her. This occurred early in the year 1884. These acts of sexual intercourse were frequently repeated until about July 4, 1884, when, as the prosecuting witness testified, the parties quarreled, and there was no further intimacy between them for more than one year, and she claimed as a witness on the trial that during that time she had reformed, and became once more of chaste character, and that on the said twenty-fifth day of July, 1885, the defendant seduced her. We need not set out the evidence as to the absence of the defendant from the neighborhood and scene of his previous operations. The jury were fully warranted in finding that such absence was sufficient to arrest the operation of the statute of limitations for such a period as would sustain the indictment, and the court properly charged the jury as to what constituted usual and public residence within the state.

III.   The material question in the case is whether the prosecuting witness was of chaste character previous to July 25, 1885, at which time she claims she was seduced. She admits that she had sexual intercourse with the defendant prior to that time. The court charged the jury on that question as follows: "(7) If the jury believe from the evidence that in 1884 defendant and the prosecutrix had illicit intercourse, and that their relations were absolutely broken off, and that she reformed, and, by her conduct, showed herself to your satisfaction to be a woman of chaste character, and that the defendant afterwards, by virtue of a promise to marry her, and, through the influence and control he had unduly acquired over her, succeeded in overcoming her virtue and had illicit sexual intercourse with her, and begot her with child, then he is guilty of seduction at that time, even though he had a year or so before had similar connection with her. The defendant cannot be convicted of seduction committed in 1884. If he is convicted, it must be for

2. ——: of fallen woman after reformation: evidence.

the first offense committed after their prior illicit rela-
tions had been broken off.''

This instruction is in full accord with the case of
*State v. Carron*, 18 Iowa, 372. The principle was
established in that case that a fallen woman may reform
so that her seduction after the reformation may consti-
tute the crime punishable by statute. The question for
us to determine now is, did the evidence in this case
authorize the jury in finding that a reformation had
taken place?

It appears from the evidence that the prosecutrix
had at no time been visited by any other man as a suitor.
There is nothing in all the record from which even an
inference can be drawn that the prosecutrix was at any
time unchaste, either in word or act, excepting her
improper relations with the defendant. The evidence
abundantly shows that not only the first act of sexual
intercourse, but the act of July 25, 1885, was accom-
plished by the defendant by the most solemn promise
of marriage. The prosecutrix, so far as appears, had
led an upright and blameless life for more than a year
before that time. Under the facts disclosed in the
record, and under the authority of the above-cited case,
it is not for us to interfere with this verdict. The
defendant in his testimony admitted the intercourse,
but claimed that it was without any acts or inducements
or promises of marriage, and that there was no talk of
marriage. The mother of the prosecutrix testified that
the defendant admitted to her that he was the cause of
all the trouble; that the prosecutrix was not to blame;
that he was altogether to blame; and that they had been
promised to be married for more than a year. This
admission was made in June, 1886. This, with the
testimony of the prosecutrix, was amply sufficient to
authorize a verdict of guilty. We have no doubt that
the jury were influenced in reaching the conclusion
they did by the fact that, after it was discovered that the
prosecutrix was pregnant, the defendant promised to
fulfill his contract of marriage, and the day and hour
were fixed for the ceremony, and the expectant bride

awaited the coming of the bridegroom, and he came not, but disappeared from the neighborhood, went to a distant county, and afterwards went out of the state and remained away about two years.

We discover no other question in the case which we think demands consideration in an opinion. Our conclusion is that the judgment of the district court should be                                                    AFFIRMED.