CHARLES WEINERT, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

CRIMINAL LAW—PROOF OF TIME OF OFFENSE.

In the trial under an information or indictment charging the illegal sale of intoxicating liquors, while it is not generally necessary to prove the exact date or dates alleged, yet it is necessary and material, in all such cases, for the State to prove that the offense charged was committed at some time within the limited statutory period of two years next prior to the finding of the indictment, or filing of the information, as the case may be, and if such proof is not made, a conviction can not be sustained.

Writ of error to the Circuit Court for Walton county.

The facts in the case are stated in the opinion of the court.

*J. J. Sullivan*, for Plaintiff in Error.

Charles Weinert, plaintiff in error, was prosecuted and tried in the Circuit Court of Walton county, Florida, on information filed at Fall term of said court, 1894, for offense of selling intoxicating liquor, to-wit: Beer, called Hopfen Weiss, and found guilty and sentenced to pay a fine of $100, or in default, six months in jail.

Plaintiff in error assigns as error in the court below the following, to-wit:

1. The court erred in its construction of Chapter 4152 of the Laws of Florida, Section 38, in ruling that the burthen of proof be upon the defendant, but that it would be fair for the State to prove, and requiring the State to prove that it was intoxicating liquor that the defendant was charged with selling.

2. The court erred in excluding the testimony of R. O. Allen to show combination against defendant.

3. The court erred in refusing charge to jury asked for by defendant: "If they believe the evidence they will acquit the defendant."

4. The court erred in not granting motion for a new trial upon the grounds: 1—The verdict is against the evidence. 2—The verdict is contrary to law. 3—The verdict is not supported by the evidence. 4—The court erred in excluding R. O. Allen's testimony relative to communications to his paper.

5. The court erred in entering final judgment against plaintiff in error, as there was no evidence to show sale of spirituous, vinous or malt liquor or intoxicating liquors.

6. The court erred in entering final judgment against plaintiff in error.

7. That Chapter 4152 of the laws of Florida is unconstitutional.

Prosecution must be in the words of the Statute. Snowden vs. State, 17 Fla., 381.

Section 2634 of the Revised Statutes of Florida provides a penalty for whoever sells spirituous, vinous or malt liquors in any county or precinct which has voted against the sale of such liquors under the provision of Chapter 8, Title XI, Division 1.

The language of the statute is clear and covers spirituous, vinous and malt liquors.

What defendant is charged with selling does not come under any of these heads.

There are liquors that are intoxicating, but which are not spirituous, vinous or malt.

Chapter 4152 of the Laws of Florida, Section 38, is an innovation on the laws of evidence.

Section 24 of the Declaration of Rights in the Constitution of 1885 says: "This enunciation of rights shall not be construed to impair or deny others retained by the people."

Among these rights is the one derived from the days of Magna Charta, that a man shall be presumed to be innocent until he is proved guilty and that the burthen of proof shall be upon the prosecutor.

Chapter 4152, Section 38, is therefore a violation of Section 24 of the Constitution in that it denies this right and in its place provides a rule of evidence that is contrary not only to the common law, but to the American Constitution and the British Constitution before the organization of the United States, and also the Constitution of the State of Florida    *    *    *
"It would be unlawful to make any given state of facts conclusive evidence of guilt, in negation of the common law presumption of innocence."—Black on Intoxicating Liquors, page 60.

2nd. The court erred in excluding R. O. Allen's testimony. The predicate of this testimony was laid in Storr's testimony when he testified that he was editor of a paper and that he was trying to stop defendant from selling Hopfen Weiss.

3rd. The evidence failed to show the committing of a statutory offense.

4th. The evidence fails to show when, if any, offense was committed within two years previous to the filing of the information. Frese vs. State, 23 Fla., 267; Dickerson vs. State, 20 Fla., 300; McCoy vs. State, 17 Fla., 195.

The State should show affirmatively that the offense was committed within two years previous to the filing of the information. Time of commission of offense must be proved. Robinson vs. State, 20 Fla., 804.

There was no proof that the Hopfen Weiss was spirituous, vinous or malt, or even intoxicating liquor.

The only witnesses whose testimony had any tendency to support the State were Cawthon, Storrs and Ward. Storrs said it tasted like and smelt like lager beer, but had no effect on me; then said he felt slight effect of it something like beer. I drank about a glass full. I think that a bottle or two would make a person intoxicated.

He does not say what kind of beer it might be like; could have been ginger beer, persimmon or spruce beer.

He testifies as to what he thinks. Under cross examination he says he has not drank any intoxicating liquors in the past few months or year. He does not except Hopfen Weiss, which he said he drank.

J. E. Ward says: "I bought some beer called Hopfen Weiss; it had an effect on me like lager. I don't think this Hopfen Weiss is as strong as lager beer. If I had drank a whole bottle I would have been good drunk."

He does not say he bought Hopfen Weiss from defendant.

He says: "Two small bottles of lager beer would make me good drunk."

It is well known that it is very doubtful if two small bottles of lager beer would make a sick girl drunk.

The evidence shows that Hopfen Weiss means White Hops. There is no evidence that the Hopfen Weiss was malt liquor. Many beverages may be flavored with hops. Must show that the beer was malt liquor. Netso vs. State, 24 Fla., 363.

The holding of a license from the collector of internal revenue is necessary under the special laws of internal revenue, to sell any product of a beverage,

whether it be malt liquor, ginger beer or any brewing; it matters not if it has intoxicating elements in it or not, or if it is a malt liquor or not.

*The Attorney-General* for Defendant in Error.

TAYLOR, J.:

The plaintiff in error, upon information filed, was tried and convicted of the misdemeanor of selling intoxicating liquors, at the Fall term, 1894, of the Circuit Court of Walton county, and sentenced to pay a fine of one hundred dollars and costs, and seeks a reversal or such judgment by writ of error.

The first error assigned is that the court erred in ruling that under the provisions of Chapter 4152 laws, approved June 2nd, 1893, the burden of proof was upon the defendant in such cases where it was shown that he had taken out a United States revenue license to engage in the business of selling spirituous, vinous or malt liquors. The statute referred to seems to provide that the holding, owning or purchase of a United States revenue license to sell spirituous, vinous or malt liquors by anyone shall be *prima facie* evidence that such person is engaged in such business; and that the production of such Federal license or an authenticated copy thereof to a grand jury should authorize them to indict for the conduct of such business in counties where its conduct was prohibited by law; and that proof of the holding, owning or purchase of such Federal license, by the introduction of the original or a duly authenticated copy thereof, should be sufficient evidence, without explanation, upon which to convict.

The record shows that at the trial the State's Attorney requested an adjournment of the case for one day

to enable him to procure an authenticated copy of a
United States revenue license for the sale of malt
liquors that had been obtained by the defendant;
whereupon the defendant admitted that he had such a
license, endorsing such admission and his plea of not
guilty together on the information filed. Thereupon
the State's Attorney read the said statute, Chapter
4152, and asked a judgment of conviction against the
defendant unless he explained, or removed the statu-
tory presumption arising from the holding of such
Federal license. The court thereupon ruled: "That
the burden of proof be upon the defendant, but that
it would be fair for the State to be required to prove,
and the State was required to prove, that it was intox-
icating liquor that the defendant was charged with
selling." This ruling the defendant excepted to and
assigns as error. After this ruling the State intro-
duced various witnesses, who proved, not only the in-
toxicating character of the liquor sold by the defend-
ant, but also his repeated sale of the same in Walton
county. Under these circumstances no harm is shown
to have resulted to the defendant, even were we able
to say that the provisions of said statute, casting the
burden of proof upon a defendant who held a Fed-
eral license, was unconstitutional or void. Upon the
validity of this statute we do not feel called upon now
to pass, since its provisions were not enforced or relied
upon in the case.

At the trial the defendant attempted to prove by one
R. O. Allen, who was the editor of a newspaper pub-
lished in said county, that he had received a communi-
cation for publication in his paper relative to the sale
by the defendant of the article called "Hopfen Weiss,"
that it was alleged he had sold in violation of law,
counsel for the defendant stating at the same time that

he expected to show a combination against the defendant, but the court would not permit the proffered proof, and its rejection is assigned as error. If the defendant could have shown that there was an unlawful or malicious combination or conspiracy against him, of which this prosecution was the outcome, and that the prosecuting witnesses were members of that conspiracy, and that the newspaper communication was a part of the plan of the conspiracy, then it would have been proper to have gone into it to show animus in the prosecutors, but with no further offer in connection with the newspaper communication than the one made by counsel, viz: that he expected to show a combination against defendant, the court was right in excluding it.

The third assignment of error is the refusal of the defendant's request to give the following instruction: "If they (the jury) believe the evidence they will acquit the defendant." There was no error here. The instruction was tantamount to the court telling the jury that the evidence offered for the State was insufficient for conviction, if they believed it to be true. The evidence was conflicting, but had it not been for the omission in the proofs that we will presently notice, there was evidence on behalf of the State upon which, if the jury had convicted, we would not have felt authorized to disturb their finding.

The refusal of the defendant's motion for a new trial is also assigned as error. One of the grounds of this motion is that, the verdict is not supported by the evidence. The information alleges that the offense it charges was committed on the 15th day of September, 1894, but in the proofs brought here in the record there is not a scintilla of evidence to show when the offense was committed, or whether it was done prior or subse-

·quent to the filing of the information, or whether it was done within two or within ten years before the information was filed. While it is generally not necessary to prove the exact date alleged in such cases, yet it is necessary and material in all such cases for the State to prove that the offense charged was committed within the limited statutory period of two years prior to the finding of the indictment, or filing of the information, as the case may be; and if such proof is not made a conviction can not be sustained. Warrace vs. State, 27 Fla. 362, and cases cited.

For the errors found the judgment below is reversed and a new trial awarded.