PEOPLE *v.* SMITH.

132    58
144   ²538
144   ²539

1. SEDUCTION—PREVIOUS UNCHASTITY.

Where, in a prosecution for seduction committed on the 30th of April, the complaining witness testified to previous acts of illicit intercourse with respondent in February and early in April of the same year, and there was no evidence of reformation on her part, the court should have directed a verdict of acquittal.

2. SAME—INDUCEMENT—CONDITIONAL PROMISE OF MARRIAGE.

A person cannot be convicted of seduction whose only inducement to procure the illicit intercourse was a promise to marry the woman if she became pregnant.

Error to Benzie; Chittenden, J. Submitted November 21, 1902. (Docket No. 225.) Decided December 29, 1902.

Alba Smith was convicted of seduction. Reversed.

*D. G. F. Warner,* for appellant.

*M. M. Larmonth,* Prosecuting Attorney, for the people.

CARPENTER, J. Defendant was convicted of the crime of seduction. The information charged that the offense

was committed on the 30th of April, 1901, in the township of Homestead, in the county of Benzie. The complaining witness testified that she was 20 years old in August, 1901; that she had sexual intercourse with the defendant on or about the date named in the information, and also in February and early in April, 1901; that on each of these occasions defendant promised that, if she got in the family way, he would marry her; that she became pregnant, and was delivered of a child on the 19th of January, 1902.

At the conclusion of the people's case, counsel for the defendant requested the court to instruct the jury—

"To render a verdict of not guilty, as the evidence in the case discloses * * * that respondent had illicit intercourse with the complaining witness in February and in April prior to the time charged. It follows that she is not a person who could be seduced at the time alleged in the complaint, warrant, and information. And there has been no sufficient promise to marry proven. She could not be said to be a chaste person at the time alleged."

This request was denied, to which defendant excepted. In his charge to the jury, the court said:

" The girl, Miss Brown, has gone on the stand, and testified that the respondent had, on every occasion when they had intercourse, promised to marry her. I charge you, as a matter of law, that, if this respondent did have sexual intercourse with this girl at the time alleged in the information, and, in order to persuade her to allow him to have such sexual intercourse, did make this promise, no matter whether he intended to carry this promise out or not, if this girl relied on his promises and inducements at that time, and allowed him to have sexual intercourse with her, and if she was a chaste character, then I charge you that the defendant is guilty of this crime as charged in the information."

To this part of the charge defendant assigns error.

In the case of *People* v. *Clark*, 33 Mich. 112, the lower court permitted the jury to find the defendant guilty of

seduction because of illicit intercourse in August, 1873, though the complaining witness testified that she had such intercourse with the defendant not only in August, but on the preceding 28th of July. In deciding this case the court said:

" We do not wish to be understood as saying that, even as between the same parties, there could not be a second, or even third, act of seduction; but, where the subsequent alleged acts follow the first so closely, they destroy the presumption of chastity which would otherwise prevail, and there should be clear and satisfactory proof that the complainant had in truth and fact reformed; otherwise there could be no seduction.   *   *   *   And, although the female may have previously left the path of virtue on account of the seductive arts and persuasions of the accused or some other person, yet, if she has repented of that act, and reformed, she may again be seduced. We do not say that there may not have been a reformation in this case. Indeed, there may have been many, but they were unfortunately fleeting. Had a reasonable time elapsed between the different acts, a presumption in favor of a reformation might arise; but we think no such presumption could arise in this case, and that the burden of proving such reformation would be upon the prosecution."

This decision is decisive of the case at bar. As the people introduced no evidence whatever tending to show a reformation on the part of the complaining witness after the illicit intercourse of the preceding February and early in April, it was the duty of the court to direct the acquittal of defendant, as requested.

There is, in our judgment, however, a more serious error in the case. All that the defendant did, according to the testimony of the complaining witness, to induce her to have illicit intercourse with him, was to promise to marry her if she became pregnant. Does sexual intercourse, induced by such a promise, constitute seduction ? In the case of *People* v *De Fore*, 64 Mich., at page 699 (31 N. W. 585, 8 Am. St. Rep. 863), Justice CHAMPLIN says:

"And it has been held that, when the female submitted

through a promise of marriage conditioned upon the act resulting in pregnancy, the crime was committed. *People* v. *Hustis*, 32 Hun, 58; *Kenyon* v. *People*, 26 N. Y. 203 (84 Am. Dec. 177)."

*People* v. *Hustis* sustains the proposition for which it is cited. This decision, however, was made in a lower court, consisting of three judges, one of whom filed a vigorous dissenting opinion. The only argument advanced in the majority opinion was the claim that the case was ruled by *Kenyon* v. *People*, above cited in the quotation from Justice CHAMPLIN's opinion. The case of *Kenyon* v. *People* holds this, and only this: That it is a sufficient promise of marriage, under the New York statute creating the crime of seduction (in which illicit connection under promise of marriage is the gist of the offense), "that the defendant promised to marry the prosecutrix if she would have carnal connection with him." The case of *Kenyon* v. *People* is, therefore, no authority upon the question under discussion, and furnished no justification whatever for the decision of *People* v. *Hustis.*

The best definition of seduction contained in our Reports was framed by Mr. Justice MONTGOMERY, when, as circuit judge, he tried the case of *People* v. *Gibbs*, and will be found in the report of that case in 70 Mich., at page 430 (38 N. W. 257):

"Seduction may be defined to be the act of persuading or inducing a woman of previous chaste character to depart from the path of virtue by the use of any species of arts, persuasions, or wiles which are calculated to have, and do have, that effect, and resulting in her ultimately submitting her person to the sexual embraces of the person accused."

This is in harmony with the case of *People* v. *Clark*, 33 Mich., at page 116, where it was said:

"Illicit intercourse alone would not constitute the offense charged. In addition to this, the complainant, relying upon some sufficient promise or inducement, and without which she would not have yielded, must have been drawn

aside from the path of virtue which she was honestly pursuing at the time the offense charged was committed."

As well as the case of *People* v. *De Fore*, 64 Mich., at page 699 (31 N. W. 585, 8 Am. St. Rep. 863), where it was said:

"An act of intercourse, induced simply by mutual desire of the parties to gratify a lustful passion, would not constitute the crime charged in the information. The charge of seduction and debauchery implies that a pure woman will resist, and that the natural sentiment of virtue and of purity will be overcome by a promise of marriage and other means, and submission to his desires finally obtained through such inducements."

Where the woman is a young, inexperienced girl, the courts very properly hold that promises and means are sufficient which would not move a woman of mature years. *People* v. *Gibbs*, 70 Mich., at page 427 (38 N. W. 257). The complaining witness in this case, however, was not a young and inexperienced girl. She was nearly 20 years of age, and, it is apparent, knew quite well the consequences of her act. She cannot complain, therefore, if she is judged by the rules applicable to ordinary pure women.

Is a promise to marry, conditioned upon the illicit intercourse resulting in pregnancy, calculated to induce a pure woman to yield her chastity? In our judgment, this question admits of but one answer. Such a promise has no tendency to overcome the natural sentiment of virtue and purity. The woman who yields upon such a promise is in no better position than as though no promise whatever had been made. No wrong is done her if she is put in the class with those who commit the act to gratify their desire. She was willing to lose her virtue if some provision was made to conceal its loss. If pregnancy does not result from the illicit intercourse, her conduct is, in every respect, as culpable as that of her companion. If pregnancy does result, his conduct becomes more culpable than hers when, and not until, he refuses to marry her. The

commission of the offense cannot depend upon the happening of a subsequent event, though it is to be noted in this case that the complaint is made, not of the intercourse in February, 1901, when the complaining witness lost her virtue, but of the intercourse in the following April, which apparently resulted in her becoming pregnant.

The verdict must be set aside, and a new trial ordered.

The other Justices concurred.