Neary v. The People.

---

### James M. Neary v. The People of the State of Illinois.

#### Gen. No. 10,632.

1. SEDUCTION—*what competent to sustain conviction for.* In order to sustain a conviction for the crime of seduction, it must appear that the defendant accomplished his purpose by some artifice, promise, flattery, deception or the like.

2. EVIDENCE—*when admission of erroneous, has tendency to create*

*prejudice.* It is error to permit the prosecuting witness in a criminal prosecution for seduction to state that she is a cripple.

Criminal prosecution for seduction. Error to the Criminal Court of Cook County; the Hon. ABNER SMITH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1902. Reversed and remanded. Opinion filed July 12, 1904.

THOMAS B. LANTRY, for plaintiff in error.

CHARLES S. DENEEN, State's Attorney, and F. L. BARNETT and FRED L. FAKE, Assistant State's Attorneys, for defendant in error.

MR. JUSTICE STEIN delivered the opinion of the court.

Plaintiff in error, indicted in the Criminal Court of Cook County upon a charge of having seduced the prosecuting witness, a girl under eighteen years of age, was found guilty and sentenced to imprisonment in the county jail for one year and to pay a fine of $2,000 and costs, the fine and costs in case of failure to pay the same to be worked out in the house of correction at the rate of $1.50 per day at the expiration of the year of confinement in the county jail.

The statute upon which the indictment is founded was passed by the legislature in 1899. It is entitled "An act to punish the seduction of females," and reads as follows (Hurd's Rev. Statutes of 1899, ch. 38, sec. 525, p. 650): "Any person who shall seduce and obtain carnal knowledge of any unmarried female under the age of eighteen years of previous chaste character shall, on conviction, be punished by a fine of not less than one thousand dollars and not more than five thousand dollars, or by imprisonment in the county jail not exceeding one year, or by both such fine and imprisonment, and to stand committed until such fine and costs are fully paid; but no conviction shall be had of said crime upon the testimony of the female unsupported by other evidence. And, provided, that the subsequent intermarriage of the parties shall be a bar to the prosecution of said offense."

At common law seduction was not a crime. Nearly all the statutes of the states that make it such, refer to seduc-

tion under promise of marriage. Iowa and Michigan are like ours in punishing seduction in and of itself, whether there be a promise or not. In those states it has been uniformly held that a conviction for seduction cannot be sustained where the evidence fails to show that any artifice, promise, flattery, deception or the like was used by the defendant. State v. Crawford, 34 Ia. 40; State v. Fitzgerald, 63 Ia. 268; People v. DeFore, 64 Mich. 693. To the same effect are State v. Patterson, 88 Mo. 88; State v. Reeves, 97 Mo. 668, and Carney v. State, 79 Ala. 14. In People v. DeFore, *supra*, it is said (p. 699): "The offense consists in enticing the woman from the path of virtue and obtaining her consent to the illicit intercourse by promises made at the time. * * * The promise, and yielding her virtue in consequence thereof, is the gist of the offense. * * * An act of intercourse induced simply by mutual desire of the parties to gratify a lustful passion would not constitute the crime. The charge of seduction implies that a pure woman will resist, and that the natural sentiment of virtue and of purity will be overcome by promise of marriage or other means, and submission to his desires finally obtained through such inducements."

No evidence was offered by the defendant. The proof for the people shows that he and the prosecuting witness, as well as their respective families, had been friends for some time. She had known him about six years and he had come to her house about once a week for the last three years. She was seventeen years and three months old when the intercourse took place.

A careful and searching examination of the evidence has led us to the conclusion that it fails to show the use by plaintiff in error of any artifice, strategy, flattery, deception or the like means to induce the prosecutrix to consent to the intercourse. They met by appointment in a room in a hotel in the business part of Chicago, he being there first and she joining him later, after having overcome with much determination and persistency some unexpected obstacles that came in her way. There is no proof of any urging

or entreaty on his part. When asked what he said why they were to go to a hotel, she answered, " Well, he didn't exactly say, but I knew what I was going to go there for." True, she testified that she had had previous conversations with him relative to marrying. " He said he would marry me." But it is plain that she did not take his promises seriously. She knew—as she says herself—that at the time he made them he was engaged to another woman. She had often looked at her picture and asked him when he was going to be married to her. It appears further that while the parties were in the room in the hotel he said he would marry her " if anything happened." Whether this occurred before or after the connection is not shown; and therefore we cannot say that it operated upon her or induced her to yield her person. But even if it be assumed that the promise preceded the act, still it was conditional only. So far as appears she was willing without the promise if no pregnancy followed.

Over objection and exception the court permitted the prosecuting witness to state that she was a cripple, having had spinal meningitis when she was seventeen months old. The testimony was immaterial and had a necessary tendency to prejudice the jury against the defendant and disable them from considering the proof calmly and dispassionately.

Other errors are assigned which we do not deem it necessary to consider.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*