## LEM SING and LEE SING v. STATE.

No. A-147.    Opinion Filed December 13, 1910.

Rehearing Denied December 22, 1910.

INSTRUCTIONS—Parties to Offenses—Failure to Instruct.    Where two defendants are jointly charged and jointly tried for the commission of an offense, in the absence of exceptions to instructions given, and where the evidence clearly shows that both of the defendants are guilty as charged, a conviction will not be reversed because the court failed to instruct the jury that they might convict one of the defendants and acquit the other.

(Syllabus by the Court.)

· Appeal from Carter County Court; I. R. Mason, Judge.

The defendants were jointly convicted for violating the prohibition law, and their punishment was assessed at a fine of $250 each and four months each in the county jail, and they appealed. Affirmed.

*Cruce, Cruce & Bleakmore* and *William Pfeiffer,* for appellants.

*Fred S. Caldwell,* for the State.

FURMAN, PRESIDING JUDGE. We have carefully considered the brief of counsel for appellants and have examined the entire record in this case. We find that all the material questions involved in this case have been decided adversely to the contention of appellants, except as to one question. It would therefore be a useless consumption of time and space to repeat here what we have previously decided.

The 13th assignment of error complains that the court erred in its charge to the jury in not authorizing them to convict one of the defendants and acquit the other. No exception was reserved to the instructions of the court upon this ground. Neither did the defendants request a special instruction upon this proposition. The evidence contained in the record is overwhelming and conclusive as to the guilt of both of the defendants. We therefore hold that the court did not commit reversible error in failing to instruct the jury that they might acquit one of the defendants, even though they found the other guilty. The judgment of the lower court is therefore affirmed, with directions to the sheriff of Carter county to proceed with the execution of the judgment.

DOYLE and RICHARDSON, JUDGES, concur.

---

## ON MOTION FOR REHEARING.

**APPEAL—Case-Made—Requisite Recitals.** Matters occurring during the trial of a case which counsel desire to assign as error must appear by proper recitals in the case-made duly certified to as the law provides, independently of the motion for a new trial.

(Syllabus by the Court.)

PER CURIAM. It is contended by counsel for appellants that the record shows that exceptions were reserved at the time of this trial to the instructions given to the jury, and in support of

this contention they cite us to page 61 of the transcript of the record. We find that the motion for a new trial begins on page 60 and extends to page 62 of the transcript of the record, and that the 6th ground relied upon in said motion states that exceptions were reserved to the instructions. Matters occurring during the trial of a case can not be presented to this court solely by recitals contained in the motion for a new trial. A defendant may put anything in his motion for a new trial he desires, but before it can be considered by this court it must be sustained and supported by proper statements contained in the case-made, duly certified to as the law directs.

Defendant attaches to his motion for a rehearing a certificate of the county judge dated on the 16th day of December, 1910, to the effect that upon the trial of this case exceptions were reserved at the time of the trial by counsel for the defendant to each and every paragraph of the court's charge. Exceptions cannot be shown in this way. We know of no law authorizing the review of a case upon the certificate of the trial judge. Exceptions can be shown only by case-made or bill of exceptions, and cannot be proved by evidence *aliunde*.

If lawyers will exercise more care in the preparation of their cases-made and transcripts of the record, they will save themselves and this court a great deal of trouble.

Motion for rehearing denied.