J. C. Bynum, *Plaintiff in Error*, v. The State of Florida, *Defendant in Error*.

1. This Court will consider, without assignment, such errors as are jurisdictional and fundamental in character.

2. In a prosecution for having carnal intercourse with an unmarried female of previous chaste character under the age of eighteen years, the, chastity of the female at the time laid in the indictment when the act occurred must be established.

3. In a prosecution for this offense, it is reversible error to admit testimony showing the sufferings, or impairment of health, of the prosecuting witness as a result of the carnal intercourse, as such testimony is not material to prove the issues, and tends to prejudice the minds of the Jury against the defendant.

Writ of Error to the Circuit Court for Columbia County; M. F. Horne, Judge.

Judgment reversed.

*A. P. Rivers*, for Plaintiff in Error;

*Van C. Swearingen*, Attorney General, and *W. W. Trammell*, Assistant, for the State.

Browne, C. J.—J. C. Bynum, convicted in Columbia County of having carnal intercourse with an unmarried female of previous chaste character under the age of eighteen years, seeks reversal here on writ of error.

The indictment alleges, among other things, that on the 10th day of June, 1917, the prosecutrix was an un-

married female under the age of eighteen years of previous chaste character. It was essential to prove each of these material elements of the statutory offense. Chap. 6974, Acts 1915. Where the testimony uncontrovertably proves that at the time the alleged act of carnal intercourse took place the prosecutrix was not then a chaste woman, a conviction cannot stand. The prosecutrix testified that the defendant first had carnal intercourse with her somewhere in January of last year. The indictment was found and the trial had in 1918; the first act occurred in January, 1917.

She also testified that after the first act they continued to have sexual intercourse, about once a week during the whole time he was going with her.

For about six months prior to the date on which the indictment alleges she was a chaste female, she had been indulging in sexual intercourse about once a week. Was she on June 10th the chaste person the law is designed to protect? As was well said by the court in the case of State v. Patterson, 88 Mo. 88. "I cannot believe that the legislative protection, intended only for the *pure and innocent* in heart, was designed to be extended to those who, being vile and impure, have *nothing left for the law to guard.*"

In that case it was held that if the prosecutrix had had sexual intercourse with the defendant prior to the time alleged in the indictment it was competent evidence to go to the jury on the question of her "previous chastity." The court said, "Any evidence, therefore, which shows, or materially tends to show that there was, at the time the alleged offense is charged to have been committed, *no chastity,* in the given case cannot be otherwise than competent and relevant. How better can you establish this fact than by specific acts of unchastity? Is

it not the highest and best evidence of the fact in issue, and will not one of the most hackneyed rules of evidence apply as well here as in innumerable other cases of daily occurrence? Evidence of prior specific acts of unchastity with the *defendant* himself is now universally received, as well in cases of seduction as in cases of rape. What for? To show that in the latter class of cases there was less likelihood of absence of consent; and that in the former, in consequence of a prior act of the defendant, there was no chastity left to seduce. Can it be material by whom the prior act be performed, whether by the defendant, or whether by any one else? *Is it any the less seduction because Jones is the seducer instead of the defendant, Smith?* If in any civil or criminal trial where Smith is defendant, I offer evidence showing a prior specific act of Jones, which rendered the subsequent act of defendant, Smith, morally as well as physically *impossible,* will any court in christendom reject the proferred evidence?

In O'Neill v. State, 85 Ga. 383, 11 S. E. Rep. 856, Chief Justice Bleckley said, "those who, by their own consent, have ceased to be virgins, are not virtuous." The prosecutrix in the case at bar by her own consent ceased to be a virgin six months before the time when it was alleged in the indictment that she was chaste. See also People v. Clark, 33 Mich. 112; People v. Smith, 132 Mich. 58, 92 N. W. Rep. 776.

Some courts hold that where the prosecutrix indulged in carnal intercourse prior to the time when the act charged in the indictment took place, but had reformed, that a conviction for her seduction as a chaste woman will stand, if the other elements of the offense be proven. State v. Moore, 78 Iowa 494, 43 N. W. Rep. 273. We are not called upon to pass on that question here, as it is

clear that there was no semblance of reformation, the prosecutrix admitting that she had carnal intercourse with the defendant once a week for about six months before the act charged in the indictment, and continued in the gratification of their lust until late cotton picking time.

The court denied a motion for a new trial, the first, second, third and fifth grounds of which, attack the verdict because it was contrary to the evidence and the law. There is no assignment of error based on the refusal of the court to grant a new trial, but this court has said that it will consider without assignment of error such errors as are jurisdictional and fundamental in character. Parker v. Dekle, 46 Fla. 452, 35 South. Rep. 4; Sylvester v. State, 46 Fla. 166, 35 South. Rep. 142; Hoodless v. Jernigan, 46 Fla. 213, 35 South. Rep. 656; Atlantic Coast Line R. Co. v. Benedict Pineapple Co., 52 Fla. 165, 42 South. Rep. 529.

As there can be no legal conviction where the State not only fails to prove its case, but, as happened here, disproved it, it was reversible error to deny the motion for a new trial on the grounds that the verdict was contrary to the evidence and the law, for the error went to the very heart of the case.

The second and third assignments of error relate to the rulings of the court on the admissibility of evidence of the health of the prosecutrix as a result of the birth of a child, of which the defendant was the reputed father. As this testimony may be offered at another trial of this cause, we will rule on its admissibility.

The father of the prosecutrix was permitted to testify that she gave birth to a dead baby, and that she "never recovered from that birth," that "it left her in a bad

condition; she lay for five weeks that she could not walk, and for three days she was senseless."

This testimony was not material to prove the issue, and was highly improper, as its natural tendency was to excite the jury, and arouse their prejudice against the prisoner and unduly awaken their sympathy for the prosecutrix.

The essential elements to be proven were the sexual intercourse, the age of the woman, her unmarried state and previous chaste character. What happened after the criminal act in no wise affected either the guilt or innocence of the accused. Her giving birth to a dead child, her sufferings, the impairment of her health, were not material to the issues involved. If it is admissible for the State to prove the after condition of the prosecutrix in cases of this character, the same line of testimony would be open to the defendant, and he would be permitted to show that he had subsequently to the criminal act given her large sums of money, materially improved her financial condition, and surrounded her with luxuries and comforts far beyond anything she ever before enjoyed—a result that sometimes follows from a woman giving herself to a man. Such a line of defense is not permissible, and it is equally improper to influence the minds of the jurors against the prisoner by showing that the prosecutrix suffered as the result of her indiscretion.

In the case of Bailey v. State, (Tex. Crim. App.), 30 S. W. Rep. 669, the court held that as the case was one of circumstantial evidence it was admissible to prove that the prosecutrix was dead, for the purpose of accounting for her absence and failure to testify, but that it was improper to show that she committed suicide two days after the alleged act of seduction, as such testimony

"was of that character which would greatly prejudice the defendant before the jury."

In the case of Neary v. People, 115 Ill. App. 157, the trial court permitted the State to prove that the prosecutrix was a cripple, having had spinal meningitis when she was seventeen months old. The case was reversed on this ground and the appellate court said, "The testimony was immaterial and had a necessary tendence to prejudice the jury against the defendant and disable them from considering the proof calmly and dispassionately."

In the case of Ferguson v. State, 71 Miss. 805, 15 South. Rep. 66, the court said, that evidence of the birth of a child after the alleged seduction was incompetent, "either as connecting accused with the crime of the seduction or as corroborating the evidence of the female seduced," but held that it was not reversible error, because the court could not "see in what manner it could have excited the minds of the jury against the prisoner."

The authorities generally hold that where the time when the sexual act occurred is controverted, proof of the birth of a child is admissible in corroboration of the prosecutrix as to the time of the intercourse. In the case at bar the defendant did not testify, and the testimony of the prosecutrix and that of her brother who witnessed the act was not contradicted. As the evidence of the birth of the child was not objected to, we do not pass on its admissibility under the facts in this case.

The testimony complained of in these assignments should not have been admitted.

The judgment is reversed.

TAYLOR AND WHITFIELD, J. J., concur.

ELLIS AND WEST, J. J., dissent.

WEST, J., *dissenting.*—The defendant was charged with having committed the offense alleged in the indictment on June 10th, 1917. It was competent for the State to prove the commission of the offense charged at any time within the two years next preceding the finding of the indictment. Chandler v. State, 25 Fla. 728, 6 South. Rep. 768; Warrace v. State, 27 Fla. 362, 8 South. Rep. 748; Weinert v. State, 35 Fla. 229, 17 South. Rep. 570. The State proved that the offense was committed in January, 1917. When this was done the State's case was made out, and a conviction was proper.

The judgment, therefore, should not be reversed.

. ELLIS, J., concurs.