## JOSEPH HARRIS v. STATE.

No. A-3539—Opinion Filed March 19, 1921.

(196 Pac. 354.)

(Syllabus.)

1.  **APPEAL AND ERROR — Defective Record—Presumption of Correct Rulings—Objections to Record of Preliminary Examination Considered Correctly Determined Where Record Shows no Findings.** Where the defendant challenges the correctness and sufficiency of the record of the testimony taken at a preliminary examination, by motion to quash the information and by objecttions to arraignment, and the court overrules such objections, and where nothing appears of record showing the findings of fact and conclusions of law by the court, the motion to quash and objections to arraignment will be considered properly determined adversely to the defendant.

2.   **PRELIMINARY TRIAL—Inaccuracies in Record of Testimony—
     Effect.** Omissions or inaccuracies in the transcript of the rec-
     ord of the testimony taken at a preliminary hearing are not jur-
     isdictional in the sense that such defective record is equivalent
     to no preliminary hearing at all, within the meaning of our Con-
     stitution and statutes providing for such hearing and record.

3.   **SEDUCTION—Instructions—Elements of Crime.** Instructions
     defining seduction examined, and found sufficient.

4.   **SEDUCTION—Promise of Marriage as Inducement.** In a seduc-
     tion case a promise of marriage need not be the only inducement
     causing the female to surrender her chastity. It is sufficient if
     the promise of marriage is the paramount moving inducement.

*Appeal from District Court, Haskell County;*

*E. F. Lester, Judge.*

Joseph Harris was convicted of seduction, and he
appeals. Affirmed.

*Guy A. Curry,* for plaintiff in error.

*S. P. Freeling,* Atty Gen., and *W. C. Hall,* Asst. Atty.
Gen., for the State.

BESSEY, J.   On the 18th day of January, 1919, in
the district court of Haskell county, Joseph Harris, plain-
tiff in error herein, and hereafter referred to as defend-
ant, was convicted of the crime of seduction, committed
on the 9th day of May, 1918, and sentenced to serve a
term of two years in the state penitentiary. From this
judgment of conviction defendant prosecutes his appeal
to this court.

The defendant was a young Choctaw negro who
courted a young negro girl living in the same community.
During the spring of 1918 these parties were much in
the society of one another, and, according to the testi-
mony of the girl, they eventually became engaged to

marry. This was corroborated by love letters from the defendant and by the testimony of witnesses who knew of this engagement and who assisted the girl in preparing suitable clothing for the prospective wedding. This girl, the prosecuting witness, claimed that under this promise of marriage she was induced to submit to sexual intercourse with the defendant, resulting in her pregnancy. She and others testified that she was of previous chaste character.

The defendant denied that he was the author of the love letters, denied that he was ever engaged to marry the girl, and denied that he had ever had sexual intercourse with her. The testimony is conflicting, but the record discloses sufficient evidence to support the verdict.

The defendant in his brief urges and argues but two assignments of error:

(1) That at the preliminary examination he requested that the testimony be written, and that in pursuance to such request the testimony was reduced to writing by an incompetent stenographer, who transcribed the evidence taken at the preliminary examination inaccurately.

(2) That the instructions defining the crime of seduction did not correctly state the law.

First. The defendant objected to being arraigned and put on trial for the reason that he had not had a preliminary examination as provided by law; that the transcript of the testimony taken at the preliminary examination was incomplete and inaccurate. This objection was by the court heard and overruled. Without any

recital in the case-made as to the findings of the court relative to the objection to the correctness of the testimony given at the preliminary examination, this court will treat the overruling of the defendant's motion as being properly determined adversely to the defendant.

There was some parol testimony offered that the taking of the testimony at the preliminary examination was done by an incompetent stenographer, and that portions of the transcript were incorrect. The case-made contains no recitals or record in the nature of a bill of exceptions showing the conclusions and findings of the court in overruling the motion to set aside the information on these grounds. Under this state of the record, this court cannot disturb the finding of the trial court below. *Sing v. State,* 4 Okla. Cr. 545, 113 Pac. 204.

It appears from the case-made that the testimony taken at the preliminary and transcribed by the stenographer was certified as being the testimony taken at such hearing and as being correct according to "the best of my ability." This transcript shows no answers to some of the questions propounded, from which an inference might be drawn that the stenographer was unable to transcribe the answers given. The answers omitted were few in number, and an examination of this transcript discloses that for the most part they were immaterial. No attempt was made to supply or correct these omissions or inaccuracies by secondary evidence. The record shows that the testimony of the prosecuting witness at the trial was similar to and in keeping with her testimony given at the preliminary hearing, and no effort was made to impeach her testimony at the trial by the evidence taken at the preliminary hearing. The cor-

roborating witness who testified at the preliminary did not testify at the trial, and during the trial no reference was made to any of the testimony taken at the preliminary hearing for purposes of impeachment. The facts developed at the trial did not materially differ from facts brought out at the preliminary hearing.

We cannot agree with counsel for defendant that, because there may have been omissions or inaccuracies in the transcript of the evidence taken at the preliminary hearing, this would be equivalent to no preliminary hearing at all, under our Constitution and statutes. Section 17 of the Bill of Rights of our Constitution provides that no person shall be prosecuted for a felony by information without having had a preliminary examination before an examining magistrate, or having waived such preliminary examination. A portion of section 5674, Rev. Laws 1910, provides as follows:

"On the request of the county attorney, or of the defendant, all the testimony must be reduced to writing in the form of questions and answers and signed by the witnesses, or the same may be taken in shorthand and transcribed without signing, and in both cases filed with the clerk of the district court, by the examining magistrate, and may be used as provided in section 5719. In no case shall the county be liable for the expense in reducing such testimony to writing, unless ordered by the county attorney."

It will be seen from this law vitalizing this provision of our Constitution that the manner of taking the testimony is not jurisdictional. Unless the county attorney or the defendant request it, none of the testimony need be reduced to writing, and where the request is made, the

law provides that the county shall not be liable for the expense of reducing such testimony to writing, unless ordered by the county attorney. If the testimony is reduced to writing, it then becomes the duty of the magistrate to preserve the testimony and file it with the proper court, and a failure to do so is punishable as a misdemeanor. This makes it mandatory, so far as the magistrate is concerned, but a failure to do so is not, in our judgment, jurisdictional so as to deprive the trial court of the power to proceed with the prosecution. As a general rule, statutory provisions directing the mode of procedure of public officers intended to secure order, system, and dispatch in proceedings are directory, and not jurisdictional. We cannot believe that it was the intention of our Legislature to put it within the power of an examining magistrate to interfere with the jurisdiction of a trial court by failing or refusing to do a ministerial act, as directed by section 5674, Rev. Laws 1910. The jurisdiction of the district court depends upon the findings and order of the examining magistrate, based on the testimony taken before him at the preliminary hearing, and not on any ministerial act. _Williams v. State,_ 6 Okla. Cr. 373, 118 Pac. 1006; _Norwood v. State,_ 14 Okla. Cr. 637, 169 Pac. 656; _Muldrow v. State,_ 16 Okla. Cr. 549, 185 Pac. 332; _State v. Flowers,_ 58 Kan. 702, 50 Pac. 938; 25 R. C. L. 769.

The cases cited in defendant's brief from California, Idaho, and Michigan have no application here, because in those states the statutes by express terms make the transcribing and filing of the testimony mandatory and jurisdictional. Sections 869, 870, and 871, Penal Code of California; Sections 75 and 76, Revised Code of Idaho; section 5992, Compiled Laws Mich. 1857, and revisions.

Second. The defendant complains of instruction No. 2 as given by the court, as follows:

"You are further instructed that; if you believe from the evidence in this case beyond a reasonable doubt that the defendant, Joseph Harris, did in the county of Haskell and state of Oklahoma, on or about the 9th day of May, 1918, and prior to the date of the filing of the information in this case, have illicit sexual intercourse, and did then and there knowingly, willfully, and unlawfully and feloniously carnally know and have sexual intercourse with Alberta McClain, and that the said intercourse, if any, was committed as charged in the information upon and with Alberta McClain, and that the said Alberta McClain was an unmarried female of previous chaste character, and that the said intercourse, if any, was committed under and by virtue of a promise of marriage by the said defendant to the said Alberta McClain, and that by reason of said promise, if any, the said Alberta McClain consented to the said act of sexual intercourse, if any, then and in that event you should find the defendant guilty as charged in the information; otherwise you will acquit him."

The court further instructed the jury in instruction No. 5 as follows:

"You are further instructed that the defendant has interposed in this case as one of his defenses, and has introduced some evidence which tends to prove that prior to the alleged offense the prosecuting witness, Alberta McClain did not possess a chaste character. Such a defense is proper and legitimate, and the jury should consider all the evidence bearing upon this point, whether introduced by the state or by the defendant, and if after a careful consideration of all the evidence in the case, including that bearing upon the character of the prosecuting witness, the jury entertain a reasonable doubt as

to whether the prosecuting witness possessed a chaste character at the time of the alleged crime, if any, was committed, then and in that event the jury should acquit this defendant."

We think that these two instructions, together with the other instructions given, fully and correctly advise the jury of the elements going to make up the crime of seduction, viz.:

(1)   She must be an unmarried female, of previous chaste character.

.(2)   She must be induced to surrender her chastity under a promise of marriage.

Section 2423, Rev. Laws 1910.

Defendant earnestly contends that the promise of marriage must be the sole and only inducement causing the female to yield.   While this seems to be the rule in California and Texas, in the majority of states it is sufficient if the promise of marriage is the chief inducing cause, and we think that the majority rule is supported by the better reasoning.   The word "seduce," in its ordinary use, implies some artifice, persuasions, or wiles, and in many cases it would be impossible to say that there was no other inducement or influence brought to bear · to cause the female to yield.   The law of cause and effect, in its ordinary sense, should be applied.   Otherwise the crime would not be seduction, but the mere bartering away of a woman's virtue under a promise of marriage. *State v. Reeves,* 97 Mo. 668, 10 S. W. 841, 10 Am. St. Rep. 349; *Carney v. State,* 79 Ala. 14; *People v. De Fore,* 64 Mich. 693, 31 N. W. 585, 8 Am. St. Rep. 863; *People v. Smith,* 132 Mich. 58, 92 N. W. 776; *Keller v. State,* 102

Ga. 506, 31 S. E. 92; Clarke on Criminal Law, 710.

The instructions given, reasonably and fairly interpreted, indicated to the jury that they must find beyond a reasonable doubt that the promise of marriage was the paramount moving inducement for the girl to surrender her chastity, and that instruction No. 5 quoted above stated the law in a commendable form.

The judgment of the trial court is affirmed.

DOYLE, P. J., and MATSON, J., concur.