## LEE WILLIAMS V. THE STATE.

### *No. 589. Decided April 10.*

1. **Burglary—Continuance.**—On a trial for a day-time burglary, where defendant sought a continuance in order to prove by the absent witness that it was not necessary to break said house or open any door, in order to enter the basement of the building, *Held*, the continuance was properly refused, inasmuch as the evidence showed that it was from the second story of the house that a considerable amount of the property was stolen; and further, that it was not possible to enter said second story from the basement of the house.

2. **Same—Confessions—Discovery of Stolen Property by Means of.**—Where, after defendant's arrest, and after he had been duly warned as to any confession he might make, the owner of the house told him that he intended to procure a search warrant and search the premises of his (defendant's) mother-in-law for the stolen goods, whereupon defendant proposed, and did send his brother-in-law for the goods, which were found by means of the information given by the defendant, and at the place where he stated he had secreted them, *Held*, the confessions were clearly admissible in evidence.

APPEAL from the District Court of Floyd. Tried below before Hon. W. R. McGILL.

This appeal is from a conviction for burglary, the punishment assessed being a term of two years in the penitentiary.

The opinion sufficiently states the essential facts.

*H. Snodgrass*, for appellant.—By article 750 of the Code of Criminal Procedure it is provided, that "the confession shall not be used if at the time it was made the defendant was in custody of an officer, unless such confession be made voluntarily, after having been first cautioned that it may be used against him, or unless, in connection with such

confession, he make statements of facts or circumstances that are found to be true which conduce to establish his guilt."

J. A. Brooks testified, that after defendant was arrested, and had been cautioned that any statement he might make might be used against him, "I told him that I was going to get a search warrant out and search for my things. He told me, if I would not get out the search warrant and search his mother-in-law's house (where he lived), he would return all the things. I told him that if he would return my things I would not swear out the search warrant. He said he would tell his brother-in-law, Tommy Black, where they were, and he could get them and return them."

It is believed that a confession ought never to be admitted as evidence when the defendant has been influenced by any threat or promise to make it, or when made under the influence of hope or favor.

It is made clear by the evidence, that the confession was induced solely by the promise of J. A. Brooks, the injured party, that he would not sue out a search warrant and search defendant's mother-in-law's house, where defendant lived. Warren v. The State, 29 Texas, 370; Whart. Crim. Law, 254.

As above said, the kind or character of property found and returned by Tommy Black was not stated by any witness. Therefore, aside from defendant's statement, there was no proof that he took said property. Kennon v. The State, 11 Texas Crim. App., 356.

It may be contended, that defendant's confession is admissible as evidence, because the statements made by him constituting his confession were found to be true. This alone will not render the confession admissible; but the statements of defendant so found to be true, must also be such as conduce to establish his guilt of the crime of burglary. This confession would tend to establish defendant's guilt of theft, but not of burglary, unless the evidence shows that the property he confessed to taking was taken from J. A. Brooks' house.

The character or kind of property is not stated that was found and returned, in consequence of defendant's confession, by Tommy Black to J. A. Brooks; and it does not appear from the testimony of any witness on the trial that the property so found and returned by Tommy Black was taken from J. A. Brooks' house. Tommy Black testifies, that "he [meaning defendant] told me where the articles he took from Mr. Brooks' house were." This is Tommy Black testifying, and the portion of the testimony of Tommy Black quoted above is not stated by him as the statement of the defendant, nor does it appear to be. Owens v. The State, 16 Texas Crim. App., 448.

A confession which does not conduce to the establishment of guilt of the crime for which defendant is on trial is not admissible, even though found to be true. Warren v. The State, 29 Texas, 370.

Again, to render a confession admissible, the truth of the confessions of facts by the defendant inculpatory of his guilt must be shown by evidence aliunde the statement of defendant.

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant prosecutes this appeal from a conviction for burglary alleged to have been committed in the day-time. He sought a continuance for the testimony of Henry Black, by whom he expected to prove the burglarized house "had an outside door, which was broken, and always stood open; that there was no inside shutter to the dugout or basement at all; that there were only open doorways; that it was not necessary to break said house, or open any door at all, in order to enter said dugout building." If it be conceded that this testimony is material, and probably true, as to breaking into the lower or basement story, yet the court correctly refused the continuance, because it was not possible, under the statement of facts testified, for him to enter the second story of the house from the basement story or dugout; and it was from the second story that a considerable amount of the property was stolen. Both stories were entered, and goods taken from both; and the absent testimony would not have affected the case as to the burglary of the second story, as we understand this record. The same witness (Black) filed an affidavit, attached to the motion for new trial, in which he states, that he visited the house in question three days after the burglary, and there were then no door shutters to the basement story. This is set out as newly discovered testimony. Whether it is or not newly discovered evidence, we deem it unnecessary to discuss, because, if the entry was not made by breaking as to the lower story, it certainly was as to the upper story, as above stated. While under arrest, appellant was informed by the owner of the house alleged to have been burglarized that he intended to secure a search warrant, and search the premises of his (appellant's) mother-in-law for the stolen goods. In reply, appellant stated that if he would not do so he would send his brother-in-law, Black, for the goods, and immediately did so. Black found the property secreted under a hay rick, and returned same to the owner. They were found on the premises of his mother-in-law, where appellant stated he had secreted them. Appellant was duly cautioned before these matters occurred. Whether freely and voluntarily made or not, is not here necessary to discuss. The property was found as indicated by appellant, and at the place stated by him to Black. Its whereabouts was not known until he gave this information, which led to its recovery, and but for this testimony it is barely possible this conviction would or could have been obtained. The testimony was clearly admissible. Willson's Crim. Stats., sec. 2473.

The judgment is affirmed.

*Affirmed.*

HURT, Presiding Judge, absent.