## LON CAMPBELL v. THE STATE.

### No. 1943.    Decided May 16, 1900.

**1. Burglary—Confession and Return of the Property—Evidence.**

On a trial for burglary, where defendant had agreed to bring back the goods upon the owner's promising not to prosecute him, and defendant did return some of the property, Held, his statement and return of the goods were equivalent to finding the goods in pursuance of a confession, and it having been proved that defendant had denied in connection with his statement any knowledge of some canned oysters and canned sausage, it was competent to prove by the sheriff that he had seen defendant and another party eating oysters and sausage, and that when they ran off he, the sheriff, had found the empty cans at the place and pursued and arrested the parties.

**2. Same—Accomplice and Accomplice Testimony—Charge.**

On a trial for burglary, where the prosecutor testified that he told defendant that if he would get his goods and return them to him he would let him go, but that if he did not he would hand him over to the sheriff, and that defendant did return some of the goods and he permitted him to go, Held, these acts of the prosecutor in agreeing not to prosecute, etc., constituted a compounding of defendant's offense, and called for a charge as to accomplice testimony with reference to his testimony.    Following Gatlin v. State, 40 Texas Criminal Reports, 116.

APPEAL from the District Court of Brown.    Tried below before Hon. J. O. WOODWARD.

Appeal from a conviction of burglary; penalty, two years confinement in the reformatory.

The case is sufficiently stated in the opinion.

*Jenkins & McCartney* and *J. H. Baker,* for appellant.—The court erred in refusing to grant the defendant a new trial, for the reason that the verdict of the jury was contrary to the evidence in this:    The conviction of the defendant rested solely on the testimony of the witness Tatum, who is shown to be an accomplice, and who is not corroborated as to the corpus delicti, nor as to the alleged confession of the defendant, nor as to any other matter which tends to connect the defendant with the commission of the alleged offense.

The court erred in not instructing the jury that they could not convict the defendant upon the uncorroborated testimony of an accomplice, such being demanded by the evidence which showed that G. L. Tatum, witness for the State, whose house was alleged herein to have been burglarized, prior to the prosecution herein, charged the defendant with said offense and agreed with the defendant, in consideration of the defendant returning a portion of said goods to said Tatum, stolen from said Tatum's house at the time of said burglary, not to prosecute or inform on defendant, which proposition was accepted and acted on by defendant.    The prosecutor Tatum by his acts compounded the felony and made himself an accomplice.    Penal Code, art. 291; 3 Coke Inst., 134; 1 Hawk. Pleas of Crown, chap. 59, sec. 52m; Archb. Prac. and Plead., 8 ed., p. 1852; 2 McClain, Crim. Law, sec. 939, and p. 145, note 2; 8 Am. and Eng. Enc. of Law, 2 ed., p. 399, note 1;

Reg. v. Burgess, 16 Q. B. Div. 141; Gatlin v. State 40 Texas Crim. Rep., 116.

*Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of burglary, and his punishment assessed at two years confinement in the reformatory.

Tatum, the alleged owner of the burglarized house, testified: That on the morning after the burglary he met defendant, about 8 or 8:30 o'clock, charged him with burglarizing his house, and desired to know of him where the stolen goods were. Appellant denied knowing anything of the transaction. Tatum said: "There is no use in your denying it. The Bruton boy told me that you were in at Mexican Ben's last night, and that he heard a noise, and that you came back to his bed and gave him some wax." Appellant denied this. Tatum and appellant then went to Tatum's place of business, and, in the presence of Bledsoe, Tatum said to appellant: " 'Lon, if you will go and get my goods, and bring them back to me, I will let you go; but, if you don't, I will hand you over to the sheriff.' And I then told him what had been taken out of the house." He then said he would bring back all that he had. "I proposed to go or send somebody with him. He said he would not go if anyone went with him; that he did not want his grandmother to find it out; if she did, that she would give him a beating, or words to that effect. He then left, and shortly afterwards came back with some cigars and two sacks of tobacco. He said he had eaten the candy and drank the soda water. I asked him about the can of oysters and can of sausage and pocketknife. He denied all knowledge of them." The sheriff testified that he recovered from defendant and another party an empty oyster can and an empty sausage can, and also some soda crackers. The sheriff had seen appellant and the other party eating the oysters and sausage at the place where he found the cans, and on approaching they ran away. He pursued and arrested them. This testimony was offered on the theory that the action and statements of appellant were tantamount to finding the stolen goods, in connection with the statement or confession; that this statement of appellant was tantamount to his confession, and the return of the goods was also tantamount to finding the secreted property in pursuance of appellant's statement. We believe this testimony was properly admitted. The effect of this evidence was to admit the burglary, and appellant's return of property was the pointing out of the stolen property, and sufficiently complies with, that portion of the statute which provides that confessions under such circumstances are admissible; that is, his statement and return of the goods are equivalent to finding the goods in pursuance of a confession. Williams v. State, 34 Texas Crim. Rep., 327; Owens v. State, 16 Texas Crim. App., 448. And, for collation of

authorities generally, see section 1034, White's Annotated Code Criminal Procedure.

It was urged below, and contended here, that the court erred in failing to charge the jury, under the above facts, that the witness Tatum was an accomplice, within the meaning of that term; that is, that the court erred in not charging the law applicable to accomplice testimony. We believe this position is correct. The witness states: "I then took him with me to my place of business, and in the presence of Bledsoe, said to him: 'Lon, if you will go and get my goods, and bring them to me, I will let you go; but, if you don't, I will hand you over to the sheriff.' I then told him what had been taken out of the house. He said he would go and bring all that he had, and did return some of the goods, and was then permitted to go. Later on, however, he was arrested by the sheriff." Construing article 291, Penal Code, in Gatlin v. State, 40 Texas Criminal Reports, 116, this court held that similar acts called for a charge of this character. This seems to be in line with the authorities. Hawk. Pleas of Crown, p. 59, sec. 5; 2 Archb. Crim. Prac. and Plead., 8 ed., page 1852, where it is said, "The agreement not to prosecute constitutes the offense, and if the person from whom the goods were stolen take them, or other amends or agreement, the offense is complete." In 2 McClain, Criminal Law, sec 939, it is said: "If the person injured receives anything of value in consideration of agreeing to stifle criminal proceeding, he puts himself in position to hinder the administration of justice, and his act in thus agreeing not to prosecute him constitutes the offense of compounding the criminal offense." And, in the same volume, page 145, note 2, is to the effect that the early form of the offense was that of taking back goods, in larceny or robbery, with an agreement not to prosecute. In the same volume (section 962) it is said: "'Neither is it necessary to allege that the defendant actually desisted from the prosecution in consideration of the agreement." See 6 Am. and Eng. Enc. of Law, 2 ed., p. 339, note 1. In Reg. v. Burgess, 16 Q. B. Div. 141, Lord Coleridge said: "According to the contention, he could not be guilty, because he did ultimately prosecute, and, if so, it is difficult to say when such offense can be said to be complete. The way in which one of my learned Brothers put the question seems to be a reductio ad absurdum of the argument. It being admitted that such an agreement is unlawful, in the sense that it is not enforcible, it is said that, if the maker keeps his agreement, he is guilty of an offense, but if, in addition to making such illegal agreement, he is guilty of the further fraud towards the other party of breaking it, he is guilty of no offense at all. Thus stated, the proposition seems to me to be contrary to good sense, and to be a sufficient answer to itself." Because the court failed to charge the law applicable to accomplice testimony, the judgment is reversed and the cause remanded.

· *Reversed and remanded.*