294 So.2d 99 (1974)
NEW ENGLAND OYSTER HOUSE OF NORTH MIAMI, INC. and Hartford Accident & Indemnity Company, Appellants,
v.
Paul YUHAS and Antoinette Yuhas, Appellees.
No. 73-648.
District Court of Appeal of Florida, Third District.
April 9, 1974.
Rehearing Denied May 20, 1974.
Wicker, Smith, Pyszka, Blomqvist & Davant, Miami, for appellants.
Rentz, McClellan & Haggard, Miami, for appellees.
Before CARROLL, HENDRY and HAVERFIELD, JJ.
HENDRY, Judge.
This is an appeal by the defendants from an adverse final judgment entered in the trial court pursuant to a jury verdict.
The jury awarded plaintiff, Antoinette Yuhas, $25,000 in damages and her husband, Paul Yuhas, $1,500, upon the plaintiffs' *100 complaint alleging negligent care and maintenance of a parking lot at the defendant's (New England Oyster House) place of business. Mrs. Yuhas sustained personal injuries when she tripped and fell on a concrete curb in the parking lot.
The sole point raised by the appellant on this appeal is: whether it is reversible error to refuse to allow defendant to impeach plaintiff's credibility by using plaintiff's statement in her deposition that she lied on her income tax return?
Prior to the commencement of the trial of this case, plaintiffs' counsel announced to the court he was dropping Mrs. Yuhas' claim for lost wages. At that point, defendants' counsel requested the court to permit him to impeach Mrs. Yuhas' credibility anyway from her deposition in which she stated that she had failed to declare on her tax returns the full value of tips which she earned as a waitress at another restaurant.
The court in response to the request ruled as follows:
"The dropping of the claim for lost wages is acceptable.
"Since that is not an issue of this case, it will be my ruling you cannot impeach on that."
In our view, the trial judge was correct in this ruling, and appellants' contention that the testimony in Mrs. Yuhas' deposition should have been permitted for purposes of impeachment in that "the whole case rested on her [Mrs. Yuhas'] veracity" is without merit.
A ruling by the trial judge on matters pertaining to the reputation for truth and veracity of a plaintiff is within the sound discretion of the trial judge, and will not be reversed unless the appellant establishes an abuse thereof which has resulted in prejudice to his case. Pandula v. Fonseca, 1940, 145 Fla. 395, 199 So. 358.
Obviously, the trial judge determined that the testimonial evidence in the deposition which defendants sought to employ to impeach Mrs. Yuhas was too remote to the issue presented in this case. See 35 Fla.Jur. Witnesses § 228.
Therefore, for the reasons stated, the judgment appealed is affirmed.