PER CURIAM.
Walter Scheel and Nellie May Scheel, plaintiffs in the trial court, appeal a final judgment in favor of the appellees and from an order denying them a new trial. The Scheels brought this suit against the County and others, alleging that they were falsely arrested, assaulted, and brutalized *651 by the actions of a group of police officers. The police allegedly entered their home, assaulted them, and placed them under arrest. The charges for which they were arrested were ultimately dismissed.
This case was subsequently tried before a jury. One of the appellants’ key witnesses was Walter Scheel. When he was called to testify he was asked whether he had ever been convicted of a crime. He replied in the negative, although he had in fact been convicted of robbery and leaving the scene of an accident, and had admitted to these in his deposition (all but the latter conviction were some 50 years ago). He was advised by his attorney not to admit his convictions at trial. The trial court permitted the defense to proffer Scheel’s prior deposition testimony admitting his past criminal record. During the course of this proffer, Scheel admitted that in his prior deposition he had testified under oath that he had been convicted of a robbery charge, elected to assert his Fifth Amendment privilege against self-incrimination when asked if he was telling the truth at the time of his deposition, admitted to having been convicted of leaving the scene of an accident, admitted to having been convicted as an accessory to either robbery or burglary, and admitted to having escaped from prison. He subsequently admitted these convictions to the jury. The plaintiffs’ counsel objected to the use of Scheel’s prior deposition to impeach his testimony and twice moved for a mistrial. The objections were overruled and the mistrials were denied. The jury returned with a verdict in favor of the appellees. The trial court entered a final judgment on the verdict, and denied the appellants’ motion for new trial. This appeal followed.
The appellants contend the trial court erred in permitting the impeachment by the deposition and the line of questioning as to the various types of convictions.
We disagree, and affirm. First, it was valid use of a deposition for impeachment purposes, the witness having given a different answer than that which he gave on an earlier deposition. Adams v. State, 54 Fla. 1, 45 So. 494 (1907); Cunningham v. State, 239 So.2d 21 (Fla. 1st DCA 1970); Robinson v. State, 254 So.2d 379 (Fla. 3d DCA 1971); State v. Young, 283 So.2d 58 (Fla. 1st DCA 1973); Fireman’s Fund Insurance Company v. Riley, 294 So.2d 59 (Fla. 3d DCA 1974); Crespo v. State, 344 So.2d 601 (Fla. 3d DCA 1977); United States v. Rodriguez-Hernandez, 493 F.2d 168 (5th Cir. 1974), cert. denied 422 U.S. 1056, 95 S.Ct. 2678,45 L.Ed.2d 708. Second, after the witness denied that he had ever been convicted of a crime, counsel was justified in refreshing his memory from the deposition as to the robbery conviction and, further, he was justified in demonstrating that the witness had been convicted of crimes other than the robbery conviction.
We recognize the general exception as to remoteness in time and those convictions of which a witness may have been pardoned. Singleton v. State, 38 Fla. 297, 21 So. 21 (1896); Alford v. State, 47 Fla. 1, 36 So. 436 (1904); New England Oyster House, Inc. v. Yuhas, 294 So.2d 99 (Fla. 3d DCA 1974). However, in light of the negative answer given from the stand, which the witness knew was false, and his prior testimony upon deposition, we find no error under the circumstances in the complained of ruling by the trial judge.
Therefore, the final judgment upon jury verdict, here under review, be and the same is hereby affirmed.
Affirmed.