393 So.2d 30 (1981)
Tivi AHO, Appellant,
v.
STATE of Florida, Appellee.
No. 80-61.
District Court of Appeal of Florida, Second District.
January 14, 1981.
Rehearing Denied February 6, 1981.
Jack O. Johnson, Public Defender, and Douglas A. Lockwood, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Eula Tuttle Mason, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Judge.
This is an appeal from convictions on four counts of involuntary sexual battery and one count of burglary coupled with an assault upon the same person against whom the sexual batteries were perpetrated. Appellant admitted that he entered the prosecutrix' apartment without her permission, but he testified that he did all of the acts which comprised the sexual batteries and the assault with her consent.
*31 Appellant's most serious contention of error concerns the rebuttal testimony of Officer Pamela Horner of the Largo Police Department about a conversation with the prosecutrix ten days to two weeks after the alleged sexual batteries had taken place. Officer Horner testified that the prosecutrix contacted her for transportation to Pinellas Horizons in order to obtain counselling. She said that the prosecutrix was very upset and that she stated that as a result of the incident involving appellant, she had considered committing suicide. Appellant objected to this line of testimony as being irrelevant and hearsay, but the court overruled his objection.
To the extent that the disputed testimony was introduced to prove the fact that the prosecutrix contemplated suicide during the interim, it constituted hearsay.[1] The state, however, endeavors to justify the admission of the testimony on the premise that it reflected the prosecutrix' state of mind which was relevant to the issue of consent. We cannot agree. While the testimony concerning the prosecutrix' conversation may have had some relevance to the question of consent it would still not be admissible if the danger of unfair prejudice or confusion substantially outweighed its probative value. Perper v. Edell, 44 So.2d 78 (Fla. 1949); McCormick on Evidence § 185 (2d ed. 1972). This, we think, was the case.
The probative value of the prosecutrix' statements and agitation cannot be said to have been very great, coming, as they did, ten days after the incident in question. Moreover, Officer Horner's testimony was quite prejudicial. The state predicated its case against appellant upon the testimony of the prosecutrix and certain circumstantial evidence which supported her version of the events. Appellant's sole defense was that she had consented to everything that occurred. In the final analysis, the jury had to decide between the truthfulness of the two. Evidence that the prosecutrix later told Officer Horner that she was considering suicide as a result of the occurrence was highly inflammatory and may well have tipped the scales. See People v. Egan, 331 Ill. 489, 163 N.E. 357 (1928); Bailey v. State, 30 S.W. 669 (Tex. Crim. App. 1885). Cf. Bynum v. State, 76 Fla. 618, 80 So. 572 (1919), in which the court held that it was reversible error to admit testimony concerning the sufferings or impairment of health of the prosecuting witness in a rape case.
REVERSED and REMANDED for a new trial.
HOBSON, Acting C.J., and DANAHY, J., concur.
NOTES
[1] Permitting Officer Horner to state what the prosecutrix said had previously occurred would be analogous to the practice condemned in Roti v. State, 334 So.2d 146 (Fla. 2d DCA 1976), of allowing a policeman to testify about a prior consistent statement made by the complaining witness.