634 So.2d 1106 (1994)
Vernon DOREMUS, Appellant/Cross-Appellee,
v.
FLORIDA ENERGY SYSTEMS OF SOUTH FLORIDA INC., a Florida corporation, and Bruce Perlman, Appellees/Cross-Appellants.
Nos. 93-0225, 93-0643.
District Court of Appeal of Florida, Fourth District.
April 6, 1994.
*1107 Richard A. Barnett of Richard A. Barnett, P.A., Hollywood, for appellant/cross-appellee.
Michele I. Nelson of Paxton, Crow, Bragg, Smith & Keyser, P.A., West Palm Beach, for appellees/cross-appellants.
KLEIN, Judge.
Plaintiff sued defendant for injuries arising out of a rear-end collision, and the jury awarded plaintiff $39,850. The trial court awarded defendant attorney's fees and costs because plaintiff had rejected a $125,000 offer of judgment. We reverse and remand for a new trial because the trial court erroneously allowed defendant to impeach plaintiff on a collateral matter, plaintiff's dishonorable discharge from the military. We also express our strong disapproval of the tactic of defense counsel, Daryl Kogan, in informing the jury on voir dire of the dishonorable discharge knowing full well it was highly prejudicial and not yet determined to be admissible.
Defense counsel had learned during discovery that plaintiff had a dishonorable discharge and a 12-year-old criminal conviction for allowing a wild animal to escape. There had been no determination prior to voir dire examination of the jury about whether either would be admissible in evidence. After defense counsel elicited a few answers on voir dire, the following occurred:
Mr. Kogan: Now, if anyone in this jury were to find out that the Plaintiff was dishonorably discharged would any of you 
The Court: Counsel approach the bench on that.
(A bench conference took place)
The Court: What does that have to do with this case?
Mr. Lardin: Move for mistrial.
The Court: What does that have to do with this case?
Mr. Kogan: Military service goes to employability. When the employees ask that question 
The Court: Mr. Kogan, that is totally uncalled for. I am going to instruct the jury to disregard it. I don't want you to mention anything even remotely close to that again, okay? Do you understand?
Mr. Kogan: Yes.
(Bench conference ended)
The Court: Ladies and gentleman, you should totally disregard the statement of counsel that was just asked of you and he will continue his inquiry. You should just ignore it completely. It has nothing whatsoever to do with this case.
Mr. Lardin: Judge, before 
The Court: We'll take it up later.
A few questions later defense counsel continued:
Mr. Kogan: Is there anyone on this panel that was ever incarcerated in prison for a period over a year?
The Court: Excuse me, Mr. Kogan. Will you approach the bench.
Mr. Kogan: Yes, Your Honor.
(A bench conference took place)
The Court: What does that question have to do with this case?
Mr. Kogan: There's a pending motion in limine which 
The Court: I told you none of those subjects were to be brought up in this voir dire.
Mr. Kogan: I didn't bring up anything to do with the plaintiff. I wanted to find out if there was anyone who had any 

*1108 The Court: Mr. Kogan, that subliminal approach is totally intolerable as far as I'm concerned and it has no place in a courtroom. It's just a psychological suggestive approach and I am not going to permit it.
Let the record reflect my rulings on it. Okay.
After defense counsel completed his voir dire plaintiff's counsel renewed his motion for mistrial, and the court reserved ruling on it. The court instructed defense counsel not to mention the dishonorable discharge again and also ruled at that time that plaintiff's 12-year-old conviction for allowing a wild animal to escape was too remote to be relevant and would not be admissible.
During trial, however, defense counsel again brought up the dishonorable discharge. Plaintiff had misrepresented on a recent application for employment that he did not have a back injury, which was not true since plaintiff had had disc surgery after the accident. The court properly allowed defendant to cross-examine plaintiff about that. The employment application also had a question about military service and discharge, and plaintiff had stated that he was honorably discharged. Defense counsel then convinced the trial court that the misrepresentation about the discharge was relevant because it went to the "truth and veracity" of the plaintiff, and the court allowed defense counsel to pursue it.
While it was relevant that plaintiff stated on his employment application that he did not have a preexisting back injury, since one of the issues in this case was whether plaintiff's back problem had been caused by this accident, the fact that plaintiff had misrepresented the status of his discharge from the service had no relevance whatsoever. This was, therefore, impeachment on a collateral issue, which is impermissible.
In Dempsey v. Shell Oil Company, 589 So.2d 373, 377 (Fla. 4th DCA 1991), a similar situation was presented in which the defendant had convinced the trial court to allow in evidence the fact that the plaintiff had been fired from a prior job when there was no basis for admitting the testimony other than to impeach plaintiff's testimony that he had not been fired. It was not relevant to any issue in the case. This court reversed for a new trial, citing section 90.608, Fla.Evid. Code (1991) (the credibility of a witness may be impeached as to material facts), C. Ehrhardt, Florida Evidence 294-5 (2d ed. 1984) (the test for determining whether impeachment evidence is collateral is whether the impeaching evidence would have been admissible for a purpose other than the inconsistency) and Faucher v. R.C.F. Developers, 569 So.2d 794, 804 (Fla. 1st DCA 1990), overruled on other grounds, 625 So.2d 868 (Fla. 1st DCA 1993) ("... improper to litigate purely collateral matters solely for the purpose of impeaching a party or witness.").
If defendant's dishonorable discharge was keeping him from becoming employed, it might have been relevant on the issue of whether his present unemployability was a result of this accident. In this case, however, it was not relevant to any issue.
Moreover it was not the fact that plaintiff lied on his employment application which defense counsel was interested in getting before the jury, but rather the fact that plaintiff had been dishonorably discharged. And plaintiff's explanation that the discharge resulted from his activities regarding the war in Vietnam would not have alleviated this problem. We need look no further than the last presidential election to know the passions aroused by that issue.
Commendably the trial judge cut defense counsel off in the present case as soon as the words were out of his mouth; however, by that time the damage was done. The court should have declared a mistrial at the time the remark was made, and would have been well within its bounds to have imposed sanctions on defense counsel for making it necessary.
Rule 4-3.4(e), Rules Regulating the Florida Bar, provides:
A lawyer shall not ... in trial, allude to any matter that the lawyer does not reasonably believe is relevant or that will not be supported by admissible evidence... .
We reverse both the final judgment for plaintiff and the final judgment pursuant to *1109 the offer of judgment, and remand for a new trial.
HERSEY, J., and MAGER, GERALD, Senior Judge, concur.