982 So.2d 753 (2008)
NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, Appellant,
v.
Grace BRUSCARINO, a/k/a Gazia Bruscarino and Vincent Bruscarino, her husband, Appellees.
No. 4D07-2014.
District Court of Appeal of Florida, Fourth District.
June 4, 2008.
Hinda Klein of Conroy, Simberg, Ganon, Krevans, Abel, Lurvey, Morrow & Schefer, P.A., Hollywood, for appellant.
Eric S. Block of Law Offices of Eric S. Block, P.A., Michael J. Korn and Mary C. Coxe of Korn & Zehmer, P.A., Jacksonville, for appellees.
*754 WARNER, J.
Nationwide Mutual Fire Insurance Company appeals a final judgment for damages recovered by appellee Grace Bruscarino from her underinsured motorist coverage. We affirm on both claims raised. We write to address whether the court abused its discretion in precluding Nationwide from impeaching Bruscarino with her prior testimony regarding her wage loss, when she dropped her wage loss claim on the day of trial. We hold that there was no abuse of discretion under these facts.
Bruscarino suffered injuries as a result of an automobile accident. Suing Nationwide for underinsured motorist benefits, she sought damages for her injuries, including loss of earnings and loss of ability to earn a living. Bruscarino claimed she injured her back which required continuing treatment. Her doctors treated her with pain medication, traction, and physical therapy. At trial Nationwide's doctors disputed both the seriousness and the extent of her treatment.
Although Bruscarino originally sought damages for lost earnings, on the first day of trial, Bruscarino informed the court that she was no longer pursuing damages for lost wages or loss of future earning capacity. Nationwide explained that Bruscarino testified during her deposition that she earned $900 a week as a waitress. This conflicted with her tax returns for the same period wherein she claimed to earn $200 a week. Nationwide argued that even without the lost damages claim, it should be allowed to impeach Bruscarino's credibility with this evidence.
When Bruscarino testified, defense counsel proffered this evidence by impeaching her testimony outside the jury's presence. The court concluded that the evidence related to a collateral issue and was improper impeachment. The court based its holding on New England Oyster House of North Miami, Inc. v. Yuhas, 294 So.2d 99 (Fla. 3d DCA 1974) (holding that impeachment regarding a conflict between the plaintiff's deposition testimony and income tax returns regarding past wages was improper when plaintiff dropped claim for lost wages prior to the trial).
After the close of the evidence, the jury returned a verdict in favor of Bruscarino. Nationwide seeks reversal of the final judgment because the court refused to permit impeachment with the conflict between her deposition testimony and her tax returns.
"A trial court's decision to admit or exclude evidence is reviewed by utilizing the abuse of discretion standard of review." Stewart & Stevenson Servs., Inc. v. Westchester Fire Ins. Co., 804 So.2d 584, 587 (Fla. 5th DCA 2002). However, this discretion is limited by the rules of evidence. Hayes v. Wal-Mart Stores, Inc., 933 So.2d 124, 126 (Fla. 4th DCA 2006).
This court has held, "Impeachment on collateral issues is clearly impermissible." Strasser v. Yalamanchi, 783 So.2d 1087, 1095 (Fla. 4th DCA 2001). When evidence "neither (1) is relevant to prove an independent fact or issue nor (2) would discredit a witness by establishing bias, corruption, or lack of competency on the part of the witness," it constitutes collateral, impermissible evidence. Id.
The trial court relied on New England Oyster House, 294 So.2d 99. In that case, the plaintiff, a waitress, sought damages for personal injuries resulting from a trip and fall accident. The plaintiff originally claimed entitlement to damages for lost wages but dropped the claim before the start of trial. While the lost wages claim was pending, the plaintiff testified at a deposition that she failed to declare the total amount of tips she earned as a waitress on her income tax returns. Both the *755 trial and appellate court concluded that the defendant could not impeach the plaintiff with this testimony at trial, because the lost wages claim had been dropped.
To counter New England Oyster House, Nationwide cites American Automobile Association, Inc. v. Tehrani, 508 So.2d 365 (Fla. 1st DCA 1987), in support of its position that the tax information was allowable impeachment. Tehrani also involved a plaintiff injured in a vehicular accident. One of the issues on appeal was the exclusion of tax returns as impeachment of the plaintiff who had abandoned his lost wage claim. In its entirety, the court said:
The court erred in excluding the plaintiffs' tax returns from evidence when offered by the defendants. The tax returns were not material to prove the earnings of the plaintiffs because they abandoned their claim for loss of earnings. However, the plaintiffs had testified to loss of earnings prior to abandoning the claim for lost wages and the tax returns were admissible to impeach their credibility as witnesses.
Id. at 369-70. It does not appear, however, that Nationwide cited Tehrani to the trial court. Thus, the trial court relied on New England Oyster House, a case with identical facts as the present case. Where the court relies on the holding of an identical case of evidence exclusion, and there is no contrary authority from our district, the court does not abuse its discretion in excluding evidence.
In addition, our precedent is in line with New England Oyster House. We examined the use of impeachment on a collateral issue in Doremus v. Florida Energy Systems of South Florida Inc., 634 So.2d 1106 (Fla. 4th DCA 1994). That case also involved a personal injury lawsuit arising out of a car accident. Defendant sought to impeach the plaintiff with evidence that plaintiff misrepresented the status of his discharge from the military on an employment application. Defendant contended that it went to the plaintiff's "truth and veracity." The trial court admitted the evidence, but we reversed, concluding that it was "impeachment on a collateral issue, which is impermissible." Id. at 1108. In doing so, we noted that section 90.608, Florida Statutes, permits the credibility of a witness to be impeached by material facts. We also cited to C. Ehrhardt, Florida Evidence 294-5 (2d ed. 1984), for the proposition that the test for determining whether impeachment evidence is collateral is whether the impeaching evidence would have been admissible for a purpose other than the inconsistency. See also Faucher v. R.C.F. Developers, 569 So.2d 794, 804 (Fla. 1st DCA 1990) ("it is improper to litigate purely collateral matters solely for the purpose of impeaching a party or witness"), overruled on other grounds by Ullman v. City of Tampa Parks Dep't, 625 So.2d 868 (Fla. 1st DCA 1993).
In light of Doremus and considering the limitations on impeachment as contained in section 90.608, Florida Statutes, we conclude that the trial court did not err in refusing to permit impeachment of Bruscarino with her tax returns, as the issue of her income had become a collateral matter.
We have carefully examined the record as to the other issue presented and conclude that no error has occurred.
Affirmed.
POLEN and TAYLOR, JJ., concur.