TAYLOR, J.
 

 Kenneth Johnson was convicted of two counts of lewd or lascivious battery. The charges arose from a sexual relationship between Johnson, a 37-year old man, and a 13-year old girl. He appeals, arguing that the trial court erred by admitting evidence that the victim twice attempted to commit suicide after the relationship was revealed and the defendant was arrested. Because any probative value of this evidence was substantially outweighed by the danger of unfair prejudice, and the error in admitting it was not harmless, we reverse for a new trial.
 

 Before trial, Johnson filed a motion in limine to exclude, among other items, “[a]ny and all evidence or testimony relating to the alleged victim being Baker Acted or attempting to commit suicide subsequent to Defendant’s arrest.” At the hearing on the motion, the state argued that evidence that the victim tried to commit suicide the day Johnson was arrested and shortly after a phone conversation with him was inextricably intertwined because it showed the effect that Johnson had on her and the control he held over her. Defense counsel countered that any probative value of this evidence was substantially outweighed by the danger of prejudice.
 

 In denying the motion in limine, the court concluded that evidence of the victim’s suicide attempts was relevant and could be helpful to the defense, as well as to the state. The court commented:
 

 I think it cuts right down the middle. It could show that she was in turmoil because of the allegations she made, that were allegedly on the defense’s behalf untrue, or that they were true and now she has to come to court and she couldn’t stand for it and couldn’t be put through the embarrassment and she tried to hurt herself. So, it’s relevant for both sides. So it’s going to be allowed.
 

 The victim testified at trial that she had a sexual relationship with the defendant, which began when she was 13 years old. The defendant was a neighbor and the father of friends of the victim. Sexual contact between the defendant and the victim took place at a lake, the defendant’s house, and in a truck.
 
 [1]
 
 The victim said that the defendant gave her gifts and asked her to marry him. During direct examination, the prosecutor asked her how the relationship affected her:
 

 
 *885
 
 STATE: ... As a result of your relationship with Mr. Johnson, how has that affected you?
 

 VICTIM: I got held back and—
 

 DEFENSE: Judge, I’m going to object as to relevance.
 

 COURT: Overruled. Go ahead. You can answer it.
 

 VICTIM: (Continuing) I got held back, and I’ve been having depression problems, and I have to go through counseling.
 

 STATE: And I know that this is difficult to talk about in front of everyone. Did you ever try and take your own life?
 

 VICTIM: Yes.
 

 STATE: How many times?
 

 VICTIM: Twice.
 

 STATE: Was this as a direct result of your relationship with Mr. Johnson?
 

 VICTIM: Yes.
 

 DEFENSE: Judge, I’m going to object again.
 

 COURT: Overruled.
 

 VICTIM: (Continuing) Yes.
 

 The victim’s mother also testified that the victim tried to kill herself twice and that both of these incidents were tied to her relationship with the defendant. She explained that the first attempt was after she met with police and told them about her sexual relationship with the defendant. The second attempt was after a phone call with the defendant.
 

 The detective who interviewed the victim at the police department testified about one of the suicide attempts. She said that during the interview she told the victim about the defendant’s arrest. Then, as the victim and her parents were leaving the police station and walking to their car, the victim suddenly ran away and started to run into traffic on a busy road. Two cars swerved around to avoid her, and two police officers grabbed and restrained her. Afterwards, the victim was involuntarily committed to a mental facility pursuant to the Baker Act.
 

 In addition to the victim’s testimony, other evidence adduced by the state to prove the sexual battery charges included testimony of the victim’s sister. The victim’s sister said she witnessed behavior between the defendant and the victim that strongly suggested there had been an inappropriate relationship between them. Such behavior included their isolating themselves from everyone and spending time alone in the defendant’s truck and at the deep end of the swimming pool. The victim’s sister testified that once she saw the defendant and the victim, with their top clothing removed, lying together on a bed in a back room of the defendant’s trailer. She also testified that the victim confided in her that she and the defendant engaged in sexual activity at the lake.
 

 The state also introduced recorded conversations between the defendant and his sons and between the defendant and the victim that indicated a sexual relationship. In a recorded conversation between the defendant and one son, the defendant displayed jealously upon hearing that the victim was spending time with a new boyfriend. In another recorded conversation, the defendant told the victim that if she recanted her accusations and emancipated herself from her parents, they could spend the rest of their lives together.
 

 The jury found the defendant guilty as charged of two counts of lewd and lascivious battery. He was sentenced to 15 years on each count, with credit for 227 days time served. The defendant appealed.
 

 On appeal, the defendant’s sole contention of error concerns testimony that the victim twice attempted to commit suicide
 
 *886
 
 as a result of her sexual relationship with the defendant and was Baker Acted. The defendant argues that any probative value of this evidence was substantially outweighed by the danger of unfair prejudice. The state argues that even if admission of this evidence was error, such error was harmless.
 

 “A trial court’s decision to admit evidence is reviewed using the abuse of discretion standard of review, as limited by the rules of evidence.”
 
 Philippon v. Shreffler,
 
 33 So.3d 704, 708 (Fla. 4th DCA 2010) (citing
 
 Nationwide Mut. Fire Ins. Co. v. Bruscarino,
 
 982 So.2d 753, 754 (Fla. 4th DCA 2008)). A court abuses its discretion when the decision is “ ‘arbitrary, fanciful, or unreasonable.’ ”
 
 Johnson v. State, 904
 
 So.2d 400, 405 (Fla.2005) (quoting
 
 White v. State,
 
 817 So.2d 799, 806 (Fla.2002)).
 

 Evidence that tends to prove or disprove a material fact is relevant and admissible. §§ 90.401-90.402, Fla. Stat. (2008). Here, the trial court determined that evidence of the suicide attempts tended to do both: to prove
 
 and
 
 disprove the unlawful sexual conduct. The court found the evidence “relevant for both sides,” because, on the one hand, it suggested that the victim was telling the truth about the sexual relationship and, thus, could not face the embarrassment of a court trial; on the other hand, it showed that she was lying and thus in turmoil because of the false allegations. Under traditional concepts of relevancy, for evidence to be relevant, it must have a logical tendency to render a proposition more or less probable. Thus, if the evidence “cuts both ways,” its probative value is minimal at best.
 

 Appellant argues that regardless of whether this evidence was relevant for some purpose, it should not have been admitted because its probative value was substantially outweighed by the danger of unfair prejudice. Indeed, “relevancy is not the only test for admissibility.”
 
 Taylor v. State,
 
 855 So.2d 1, 21 (Fla.2003) (citing
 
 Sexton v. State,
 
 697 So.2d 833, 837 (Fla.1997)), Under section 90.403, Florida Statutes (2008), even if evidence is relevant, it may be inadmissible if the “probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence.”
 

 A trial court has considerable discretion in determining whether the probative value of the evidence is substantially outweighed by its prejudicial effect, but this discretion must be exercised by following controlling legal principles:
 

 “In weighing the probative value against the unfair prejudice, it is proper for the court to consider the need for the evidence; the
 
 tendency of the evidence to suggest an improper basis to the jury for resolving the matter, e.g., an emotional basis;
 
 the chain of inference necessary to establish the material fact; and the effectiveness of a limiting instruction.”
 

 Taylor,
 
 855 So.2d at 22 (quoting
 
 State v. McClain,
 
 525 So.2d 420, 422 (Fla.1988)) (emphasis added).
 

 “Where a trial court has weighed probative value against prejudicial impact before reaching its decision to admit or exclude evidence, an appellate court will not overturn that decision absent a clear abuse of discretion.”
 
 Trees v. K-Mart Corp,
 
 467 So.2d 401, 403 (Fla. 4th DCA 1985). Here, however, the record does not show that the trial court weighed the probative value of the evidence against prejudicial impact before deciding to admit the
 
 *887
 
 evidence. The record is thus silent as to what factors, if any, the court considered in overruling the section 90.403 objection.
 
 [2]
 
 We conclude, based on our own review of this issue, that the trial court erred in admitting evidence of the suicide attempts; its probative value was substantially outweighed by the danger of unfair prejudice.
 

 In
 
 Aho v. State,
 
 393 So.2d 30, 31 (Fla. 2d DCA 1981), the Second District Court of Appeal reversed a defendant’s conviction of involuntary sexual battery because the trial court improperly admitted a police officer’s testimony that the victim stated that, as a result of the sexual batteries by the defendant, she was very upset and had considered committing suicide. In
 
 Aho,
 
 although the court opined that the police officer’s testimony may have been relevant to the issue of the victim’s consent, it concluded that the testimony was “highly inflammatory and may well have tipped the scales.”
 
 Id.
 
 at 31.
 

 In this case, as mentioned above, the probative value of the victim’s suicide attempts was only marginally probative in corroborating commission of the charged crimes. This evidence had little bearing on the truthfulness of the victim, because as the trial court found, it tended to show that the victim was distraught
 
 either
 
 because she was lying or because she was telling the truth. With regard to prejudice, this testimony had a substantial likelihood of inflaming the jury and appealing to their emotions.
 
 [3]
 

 See Aho,
 
 393 So.2d at 31 (citing e.g.
 
 Bynum v. State,
 
 76 Fla. 618, 80 So. 572 (1919), which held that “it was reversible error to admit testimony concerning the sufferings or impairment of health of the prosecuting witness in a rape case”).
 
 See also Matthews v. State,
 
 772 So.2d 600, 602 (Fla. 5th DCA 2000) (stating that “the testimony must not inflame the jury so as to taint its verdict”). Similarly, in this case, the trial court erred in admitting testimony about the suicide attempts and hospital commitment.
 

 We cannot say that the error in admitting evidence of the suicide attempts was harmless. The state has not met its burden “to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict or, alternatively stated, that there is no reasonable possibility that the error contributed to the conviction.”
 
 State v. DiGuilio,
 
 491 So.2d 1129, 1135 (Fla.1986). As mentioned above, the state elicited evidence concerning the suicide attempts and Baker Act commitment from three witnesses and a recorded phone conversation. It further commented on this evidence during closing argument. The state’s contention that the error was harmless because the evidence against the defendant was overwhelming is unavailing, since the state did not dispel the reasonable possibility that the error contributed to the defendant’s convictions.
 
 Ventura v. State,
 
 29 So.3d 1086 (Fla.2010). Accordingly, we reverse the judgment of eonvic-
 
 *888
 
 tions and remand the case to the trial court for a new trial.
 

 Reversed and Remanded For New Trial.
 

 WARNER and MAY, JJ., concur.
 

 [1]
 

 . The information filed by the state alleged that between August 1, 2007, and January 6, 2008, the defendant inserted his penis and finger into her vagina.
 

 [2]
 

 . Defense counsel specifically argued that the probative value of evidence of the victim's suicide attempts was outweighed by the danger of unfair prejudice, thus preserving the error for appeal and obligating the trial court to apply the section 90.403 balancing test.
 
 See Reynolds v. State,
 
 660 So.2d 778, 780 (Fla. 4th DCA 1995) (stating that counsel must specifically object to the admission of relevant evidence under section 90.403 to require the trial court to resolve the issue and to preserve the issue for appeal).
 

 [3]
 

 . In one of the recorded phone conversations, the defendant asked his son if the victim tried to kill herself, and then said that he was “worried about her because she's been Baker Acted, and I thought she was going to kill herself.”