CIKLIN, J.
John Velcofski appeals his conviction for driving while license permanently revoked pursuant to section 322.341, Florida Statutes. He argues that the trial court erred by admitting into evidence his complete and unredacted driving record which listed twenty-one convictions, including five for driving under the influence (DUI). Because the probative value of this evidence was substantially outweighed by the danger of unfair prejudice, and the error in admitting it was not harmless, we reverse for a new trial.
Velcofski was charged by information with felony DUI, driving while license permanently revoked, and refusal to submit to a chemical or physical test for conduct that allegedly occurred on June 5, 2009. The driving while license permanently revoked count was severed from the other two counts and tried before a jury.
Prior to opening statements, defense counsel sought to prevent the state from introducing Velcofski’s complete driving record as well as a redacted, written plea agreement from a 2003 DUI conviction. Velcofski’s complete driving record was seven pages in length and listed twenty-one convictions, including five DUI convic *1071 tions and six convictions for driving while license suspended, revoked, or canceled. Twelve conviction dates were subsequent to the June 5, 2009 incident. Additionally, the driving record showed that based on these later convictions, Velcofski was designated a habitual traffic offender. Although the refusal to submit count had been severed and was not before the jury, the driving record referenced an eighteen-month suspension for Velcofski’s refusal to submit to a breath test on June 5, 2009. The complete driving record also contained thirty-seven entries indicating that Velcof-ski’s driving privilege was suspended indefinitely for conduct such as failing to appear on traffic summonses and failing to pay traffic fines. Thirteen of these entries were dated after June 5, 2009.
The defense moved to redact references to the prior convictions and to the indefinite suspensions for failing to appear on traffic summonses and failing to pay fines. Defense counsel proposed that the jury be shown the revocations and dates of notification without reference to the underlying convictions. Velcofski was also willing to stipulate that his driving privilege had been permanently revoked in 2003 and 2006. Prior to trial, the state had prepared a redacted record, but defense counsel argued that the state’s version also excluded portions that supported Velcof-ski’s claim that he had taken steps toward gaining limited driving privileges. The trial court ultimately denied Velcofski’s motion in limine and ruled that the complete, unredacted driving record would be submitted to the jury.
Velcofski testified on his own behalf. He admitted he knew his driving privilege had been permanently revoked in 2008 and 2006, but claimed that he believed that his driving privilege had been reinstated subsequent to the last permanent revocation. Velcofski sought to testify as to what other people, including officials at the Department of Highway Safety and Motor Vehicles, told him about restoring his driving privilege. The trial court, however, sustained the state’s hearsay objection to this testimony.
The jury found Velcofski guilty as charged for driving while license permanently revoked and the trial court sentenced him to five years in prison. Velcof-ski now appeals his conviction arguing that the trial court committed reversible error in denying his motion to redact significant portions of his driving record because the probative value of the complete driving record was substantially outweighed by the danger of unfair prejudice. See § 90.403, Fla. Stat. (2009). We agree.
“Where a trial court has weighed probative value against prejudicial impact before reaching its decision to admit or exclude evidence, an appellate court will not overturn that decision absent a clear abuse of discretion.” Johnson v. State, 40 So.3d 883, 886 (Fla. 4th DCA 2010) (citation and quotation marks omitted). In determining whether the probative value of the evidence is substantially outweighed by its prejudicial effect, the trial court should “consider the need for the evidence; the tendency of the evidence to suggest an improper basis to the jury for resolving the matter, e.g., an emotional basis; the chain of inference necessary to establish the material fact; and the effectiveness of a limiting instruction.” Id. (quoting Taylor v. State, 855 So.2d 1, 22 (Fla.2003)).
The state sought to introduce Vel-cofski’s complete driving record into evidence to show that Velcofski’s driving privilege was permanently revoked and that Velcofski knew that the privilege was revoked when he drove on June 5, 2009. The state did not need this evidence to prove that Velcofski’s driving privilege was permanently revoked because Velcofski *1072 stipulated that his privilege had been permanently revoked in 2003 and 2006. The trial court, however, found that Velcofski’s complete driving record was relevant not to show that his driving privilege had been permanently revoked, but to rebut Velcof-ski’s defense that he believed his driving privilege had been subsequently reinstated.
While Velcofski’s complete, unredacted driving record may have had some probative value to counter Velcofski’s defense, this probative value was outweighed by the danger of unfair prejudice. Indeed the jury would undoubtedly consider Velcof-ski’s extensive list of convictions and other traffic infractions as evidence of Velcofski’s bad character and as proof that Velcofski had a propensity to commit the crime charged. See § 90.404, Fla. Stat. (2009) (“Evidence of a person’s character or a trait of character is inadmissible to prove action in conformity with it on a particular occasion....”).
The state contends that even if the admission of this testimony was error, it was harmless. See State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986). However, the state cannot prove “that there is no reasonable possibility that the error contributed to the conviction.” Id. “Here, the state starts out with an even more arduous burden because the erroneous admission of collateral crimes evidence is presumptively harmful. This is because evidence that suggests a defendant has committed other crimes or bad acts can have a powerful effect on the results at trial.” Ward v. State, 59 So.3d 1220, 1224 (Fla. 4th DCA 2011) (citation, quotation marks, and alterations omitted). Additionally, the jury’s verdict rested largely upon weighing the credibility of Velcofski’s testimony that he believed his driving privilege had been reinstated subsequent to the 2006 permanent revocation.
The other evidence that Velcofski sought to have excluded was a written plea agreement from Velcofski’s 2003 DUI conviction as well as the accompanying plea form acknowledging his rights. We conclude that the trial court properly exercised its discretion in admitting that evidence. While the probative value of this evidence may have been minimal, so was any danger of unfair prejudice because the portions of the documents which had the potential of being unfairly prejudicial—including the charges to which Velcofski entered pleas—were properly redacted.
In summary, given the inflammatory extensiveness of Velcofski’s seven-page complete driving record, we find that the trial court abused its discretion by failing to redact significant portions of the record on the basis that the potential for unfair prejudice substantially outweighed its probative value. As this error was not harmless, we reverse Velcofski’s conviction and remand for further proceedings.
In the event this case is retried, we briefly address Velcofski’s second point on appeal concerning the trial court’s decision to sustain the state’s hearsay objection to Velcofski’s testimony as to what government officials allegedly told him regarding reinstatement of his driving privilege. Velcofski’s proffered testimony did not fall within the statutory definition of hearsay because it was not being offered for the truth of the matter asserted but to show that Velcofski had a good-faith belief that his driving privilege had been reinstated. See § 90.801(l)(c), Fla. Stat. (2009) (defining hearsay as an out-of-court statement “offered in evidence to prove the truth of the matter asserted”); Penalver v. State, 926 So.2d 1118, 1132 (Fla.2006) (“[I]f the statement is offered for some purpose other than its truth, the statement is not hearsay and is generally admissible if rele *1073 vant to a material issue in the case.”). As Velcofski’s proffered testimony was not hearsay and was relevant to Velcofski’s only defense, the trial court should not have excluded it.

Reversed and remanded.

GERBER and LEVINE, JJ., concur.